■ In the Matter of the Trust of ELMER B. TYRREL, as Grantor. B. HAROLD TYRREL, Appellant-Respondent. MANUFACTURERS HANOVER TRUST COMPANY, Respondent-Appellant.— Order, Supreme Court, New York County, entered September 6, 1973, which denied petitioner's objections to the account of George E. Niven as executor of the will of Randolph E. Tyrrel and directed that the referee's fees and all costs and disbursements are to be borne by the estate of Randolph E. Tyrrel, unanimously modified, on the law and the facts, to remand for a further hearing concerning the nature of the subject balance sheet entries and the reasons for and circumstances involved in the changes of such entries, and to strike the afore-mentioned provision with respect to fees and direct instead that such amounts are to be paid out of the trust corpus. As so modified, the order is affirmed, without costs or disbursements. With the exception of the conclusory explanation contained in the financial statements, it appears and was recognized by both Special Term and the referee, that no other evidence was submitted by either the petitioner or respondent with respect to the transactions reflected in the balance sheet entries of 1946 and 1947. A prima facie showing was made of conflict of interest in the trustee sufficient to require an explanation by him. We therefore believe that the matter should be remanded in order that these issues be explored. Additionally, considering all the circumstances, it was improper to charge fees and costs to the deceased trustee's estate, and such amounts should be charged to the trust corpus. Concur — Markewich, J. P., Kupferman, Steuer, Tilzer and Capozzoli, JJ.

■ HOWARD BALLEN et al., Respondents, v. ANNE STORCH INTERNATIONAL ASTI TOURS, INC., Appellant, et al., Defendant — Order, Supreme Court, New York County, entered on February 6, 1974, denying appellant's motion to dismiss the complaint herein for failure to state a cause of action, or for alternative relief, unanimously modified, on the law, to the extent of striking from the complaint those portions which refer to the representative character of the action and otherwise affirmed, without costs and without disbursements. The complaint attempts to allege a class action on behalf of all participants in a specific tour and on behalf of all others who arranged tours which were "under the management of * * * and similarly mis-managed" by appellant. The complaint, in three causes of action, charges appellant with "breaches of the agreement" (par. 21) and alleges that it "falsely and fraudulently" (par. 22) and "negligently and maliciously" (par. 27) represented to the plaintiffs the flight times, accommodations and services which were to be supplied. Such pleading, insofar as it purports to allege a class action, is insufficient, in that the requisite unity of interest is lacking. (*Society Milion Athena* v. *National Bank of Greece*, 281 N. Y. 282, 293; *Hall* v. *Coburn Corp. of Amer.*, 26 N Y 2d 396.) Moreover, claims of fraud and misrepresentation do not form a proper basis for a class action. (*Greeley* v. *Rockaway Point Development Corp.*, 15 A D 2d 528.) Whether or not the requisite reliance exists is subjective with each individual plaintiff. Settle order on notice. Concur — Markewich, J. P., Kupferman, Steuer, Tilzer and Capozzoli, JJ.