■ MFT Investment Co. et al., Appellants-Respondents, v Diversified Data Services and Sciences, Inc., et al., Respondents-Appellants, et al., Defendants.—Order, Supreme Court, New York County, entered August 20, 1973, disposing of various motions to dismiss certain causes of action of the complaint and a cross motion for summary judgment as to several causes, unanimously modified, on the law, to the extent of (a) reversing the provision thereof which struck the "federal allegations, both express or implied, contained in the seventh and ninth causes of action" and (b) striking the class allegations contained in the first cause of action. Except as so modified, said order is affirmed for the reasons stated by Spiegel, J. at Trial Term, without costs or disbursements. Aside from the obvious ambiguity of a direction deleting "federal allegations, both express or implied", our reading of the complaint discloses that plaintiffs do not seek to enforce any claims under the Securities Exchange Act of 1934, Accordingly, the mere mention of said act or rules adopted thereunder need not be stricken. The first cause of action, like the seventh, eighth and ninth causes, contains class allegations based, primarily, on asserted fraudulent omissions and representations relied on by purchasers of Diversified's common stock. Such claims "do not form a proper basis for a class action." *(Ballen v Anne Storch Int. Asti Tours,* 46 AD2d 643.) Finally, under the circumstances of this case, we do not believe the appealing defendants are precluded from seeking dismissal of the class action allegations in the first cause of action merely because they unsuccessfully attacked the sufficiency of such cause (but apparently not the representative aspect thereof) when it appeared in a prior pleading. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.