■ IRA A. GOULD, Respondent-Appellant, v AMERICAN HEALTH AND LIFE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent.—Order, Supreme Court, New York County, entered January 5, 1977, which, inter alia, certified the action as a class action and granted a portion of defendant's motion for a protective order, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of decertifying the class action and to the extent of striking interrogatories numbered 1, 7(c), 8 through 14 inclusive, 20, 25, 26, and 27, and otherwise affirmed, without costs or disbursements. American Health and Life Insurance Company of New York issued an insurance policy to Ira A. Gould for payment of eligible hospital and medical expenses incurred by Gould. The policy provided that, after a stated dollar amount was deducted from each eligible claim, the

insurer would pay the balance of the claim. The expenses of each eligible claim had to accrue within a period of 90 consecutive days. Insurance Department regulations (11 NYCRR 52.54 *et seq.*) require that a disclosure statement be given to each medical insurance policyholder which contains the pertinent important policy provisions. Such a statement was given to Gould; however, there was no recitation of the 90-day accrual period. Gould filed a claim for medical expenses incurred which was rejected on the ground that the expenses were not incurred within a 90-day period, as required by the terms of the policy. Gould then brought this action on behalf of himself and purportedly on behalf of other persons who purchased the same type of policy from American Health and Life Insurance Company of New York. The complaint served contains allegations purporting to comply with the requirements of CPLR 901. However, when plaintiff applied for permission to maintain a class action pursuant to CPLR 902, he did not come forward with any showing that the criteria in CPLR 901 have been met. The allegations in the complaint, as amplified by the bill of particulars and the EBT of the plaintiff Gould, reveal that the action on behalf of the class is purely speculative and no evidence was adduced to warrant granting class action status. We have therefore reversed that portion of the order permitting class action status. In view of our finding that class action status is not warranted, we have also stricken those interrogatories which pertain to a class action and which are therefore no longer relevant to continuing this lawsuit. Concur—Silverman, Lane and Lynch, JJ.; Kupferman, J. P., concurs in the following memorandum: While, in view of the nature of the action sounding primarily in fraud, it would seem that class action status is not warranted (see *Ballen v Storch Int. Asti Tours,* 46 AD2d 643); it should be pointed out that the administrative agency allowed a disclosure statement without a significant term of the insurance policy being recited. While ordinarily the administrative agency is more qualified to redress any public grievances *(Pan Amer. World Airways v United States,* 371 US 296), this did not here occur.