■ JOHN C. NORWALK et al., Individually and on Behalf of Themselves as Property Owners of Subdivision Lots in Enchanted Lake Subdivision, Napoli, Respondents, v MANUFACTURERS & TRADERS TRUST COMPANY, Appellant. — Order unanimously reversed, without costs, and application denied. Memorandum: In two separate actions sounding in fraud and rescission, plaintiffs allege that they are suing on behalf of themselves and "all others similarly situated" who purchased subdivision lots in Enchanted Lake Subdivision, Napoli, New York. Special Term granted motions by the respective plaintiffs to maintain their actions as class actions (CPLR 901). The defined class in each order is different: the Norwalk class consists of those persons who purchased lots in the Enchanted Lake Subdivision and obtained financing from defendant Manufacturers and Traders Trust Company; the Tojek class consists of those persons who purchased in the Enchanted Lake Subdivision and were not financed by defendant Manufacturers and Traders Trust Company. In essence, plaintiffs claim that they and others were encouraged and induced to purchase subdivision lots in reliance upon representations, indorsements, investigations and references by defendant in evaluating the probable success of the Enchanted Lake project. They allege that defendant "engaged in an extensive promotional campaign designed to promote, recommend, and endorse Enchanted Lake project and its developers" which representations, they assert, proved to be false and misleading. CPLR 901 sets forth the prerequisites for the maintenance of a class action, viz: the class is so large that joinder is impracticable; questions of law or fact common to the class predominate over questions affecting individual members; there is a typicality between the claims or defenses of the representative parties and the class; the representative parties will adequately protect the interests of the class; a class action is the superior and most efficient method to adjudicate the controversy. Prior to the enactment of article 9 it was generally held that actions in fraud could not be the subject of class actions (see *Ballen v Storch Int. Asti Tours,* 46 AD2d 643). This judicial evaluation no longer prevails (see *King v Club Med,* 76 AD2d 123; *Dupack v Nationwide Leisure Corp.,* 70 AD2d 568). Now, the issue of class certification for fraud actions, as in any other action, simply turns on compliance with the prerequisites set forth in CPLR 901. It is in establishing this compliance in fraud actions where the difficulty arises. The requirement contained in CPLR 901 (subd a, par 2) that there be questions of law or fact common to the class which predominate over questions affecting only individual members, generally presents the greatest obstacle to class certification in fraud actions because of the difficulty presented in establishing the necessary element of reliance on the part of the individual class members. In some cases (see, e.g., *Guadagno v Diamond Tours & Travel,* 89 Misc 2d 697;

*Stellema v Vantage Press,* 66 AD2d 669, affd 47 NY2d 882; *Korn v Franchard Corp.,* 456 F2d 1206), involving uniform or identical and clearly misleading advertising or representations, the requirement of establishing individual reliance has been obviated by inferring the existence of reliance from the nature of the representations and their acceptance by the class members. Where reliance upon alleged misleading advertising or representation cannot be readily inferred, however, there is no advantage to be gained from permitting the action to proceed as a class action, since the proceeding is likely to be reduced to a series of individual trials, thus failing to achieve the economies of time, effort and expense the class action device intended (see *Strauss v Long Is. Sports,* 60 AD2d 501). In their pleadings the plaintiffs have merely alleged in broad, conclusory terms their reliance upon claimed representations and assurances of defendant as the "exclusive" inducement for their purchasing property at the Enchanted Lake Subdivision. They have failed to demonstrate factually that they represent a genuine class. Indeed, depositions taken of the named plaintiffs herein reveal that they purchased their lots under totally dissimilar circumstances and for different reasons having nothing to do with defendant, whose only role in the Enchanted Lake Subdivision appears to be as a consumer financer. From the allegations in the complaints, the supporting affidavits on the motion, and the depositions of the parties, we are unable to find a common thread of fact or law which predominates over the dissimilar separate factual issues pertaining to the circumstances surrounding and the reasons for each individual purchase. Upon this record we cannot presume that the members of the purported class bought their properties for the same or similar reasons or in reliance upon uniform or identical representations by defendant, and the case is thus distinguishable from *King v Club Med* (76 AD2d 123, *supra).* Therefore, the requirement in CPLR 901 (subd a, par 2) has not been met. While we find that plaintiffs have failed to meet other prerequisites required by CPLR 901, only one merits further comment. The requirement that it be demonstrated that "the representative parties will fairly and adequately protect the interests of the class" (CPLR 901, subd a, par 4) has been interpreted to mean, *inter alia,* that the representatives will "put up a real fight" *(Dolgow v Anderson,* 43 FRD 472). On this appeal the plaintiffs did not appear, file briefs or otherwise advise the court as to their respective positions. The conclusion is thus inescapable that they are either unwilling or unable to protect the interests of the purported class. (Appeal from order of Cattaraugus Supreme Court — class action.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Schnepp, JJ.