■ HUBERTINE J. SCOTT, on Behalf of Herself and All Other Residents of the State of New York Similarly Situated, Respondents, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant. — Order unanimously reversed, without costs, and application denied without prejudice, in accordance with the following memorandum: The genesis of this action is the defendant's alleged failure to comply with the provisions of a $750 paid up industrial

life insurance policy issued to the plaintiff by refusing to refund to her approximately $200 which sum represents a portion of the premiums paid over a 19-year period. The insurance policy provided that weekly premiums of $1.07 be paid to an insurance company collecting agent and contained a clause permitted by the Insurance Law (Insurance Law, § 209, subd 1; § 213-a) entitled "Refund for Direct Payment." Under this provision, if a policyholder gives written notice of intention to pay future premiums directly to a company office which maintains an account for receiving such direct payment, while no premium is in default beyond the grace period, and if all future premiums for a full year are so paid, then defendant is required at the end of each year from the due date of the first premium so paid to refund 10% of each premium so paid in cash during the year. Plaintiff contends that she complied with all the terms of the optional refund clause and is entitled to the refund. She moved for class action status under CPLR article 9 when defendant refused to honor her request and sued on her own behalf and on behalf of all others similarly situated for damages equal to the amount payable by defendant to each "plaintiff" under the standard refund clause. She claims that the common question of law and fact is the amount due industrial life insurance policyholders by reason of defendant's failure to comply with the policy provisions. Special Term granted class certification and defined the class as policyholders who are, *inter alia*, "entitled to a refund under the refund clause in the policy but have not received it." In her application for class action status, plaintiff claims that a Prudential agent in commenting on her claim stated "if you're right * * * there are a hell of a lot of policies out there not being paid on." Plaintiff alleges that a class of 50,000 similar policyholders exists. Defendant admits its liability if the policy conditions are met but contends that there is no evidence that any policyholder who met the policy provisions was denied a refund. An examination of the complaint and moving papers reflects that plaintiff has failed to meet the prerequisites to a class action as set forth in CPLR 901. There has been no showing that other policyholders share plaintiff's complaint. Any claim that a refund was denied to other policyholders who were entitled thereto is conclusory and speculative. In the absence of any attempt to document the existence of a prospective class, to ascertain how many persons comprise the class sought to be represented, or to show whether, indeed, other policyholders have been injured by the conduct complained of, the court cannot assume that defendant failed to refund premiums to policyholders who complied with the policy conditions *(Gould v American Health & Life Ins. Co. of N.Y.,* 59 AD2d 681, 682; see, also, *Gottlieb v March Shipping Passenger Servs., Div. of March Shipping Corp.,* 67 AD2d 879). Plaintiff has failed to demonstrate factually that the purported class exists (see *Norwalk v Manufacturers & Traders Trust Co.,* 80 AD2d 745). Further, questions of law or fact common to the class as defined by Special Term do not predominate over any questions affecting only individual members (CPLR 901, subd a, par 2). A common underlying question of law or fact could exist here only if a single course of conduct harmed a large number of people. Even if it were alleged that it was defendant's policy to deny premium refunds to complying policyholders, the constituency of the class may only be determined after each alleged member of the class proves entitlement to a refund which defendant failed to pay: i.e., proof peculiar to his claim (cf. *Felder v Foster,* 71 AD2d 71; *Ammon v Suffolk County,* 67 AD2d 959; *Vickers v Home Fed. Sav. & Loan Assn. of East Rochester,* 56 AD2d 62). Defendant's liability or freedom therefrom may be established only when the key questions have been determined as to each

member of the presently defined class and after a case-by-case evidentiary showing: i.e., have the policy conditions been met? The issue of liability in the individual case may vary among members of the defined class and membership "necessarily presupposes proof of one of the contested elements in each claim" *(Wojciechowski v Republic Steel Corp.,* 67 AD2d 830), and common questions of law or fact do not "predominate over any questions affecting only individual members" (CPLR 901, subd a, par 2). Finally, defendant challenges plaintiff's contentions that she has complied with the policy conditions and that the timely mailing of premium checks satisfies the requirement of written notice. If defendant's contentions are sustained, plaintiff may not be entitled to a refund, her claim may not be typical of the claims of the class, and, under these circumstances, the court may deem that she is not a representative party who could fairly and adequately protect the interest of the class (CPLR 901, subd a, par 4). We agree that the criteria authorizing a class action (CPLR 901, subd a) should be broadly and liberally construed (see *Friar v Vanguard Holding Corp.,* 78 AD2d 83; *King v Club Med,* 76 AD2d 123), but hold that, on these facts and on this record, class certification is inappropriate. Although we reverse Special Term, we perceive that there may exist a proper class of industrial insurance policyholders who might prove through documentary evidence, from the company's records or otherwise, that they satisfy the legal and policy requirements requisite for a refund by defendant and meet the criteria of CPLR 901. Accordingly, we reverse Special Term without prejudice to renewal of the motion upon a showing of plaintiff's ability to properly represent the class and upon presentation of further factual information as to the merits, and as to whether other policyholders share the same complaints together with some documentation as to their numerosity. (Appeal from order of Erie Supreme Court — class action.) Present — Hancock, Jr., J.P., Callahan, Doerr, Denman and Schnepp, JJ.