OPINION OF THE COURT
Meyer, J.
At issue on this appeal is the recoupment to which the Commissioner of Social Services is entitled for payments made under the State’s home relief program to sustain petitioner during the period between her application for, and actual receipt of, benefits under the Federal Supplemental Security Income (SSI) program. Specifically the question is whether, despite the facts that petitioner’s eligibility for interim home relief increased the benefits paid to petitioner and her husband only incrementally, and that once petitioner began to receive SSI benefits the commissioner treated petitioner and her husband as separate households in calculating the husband’s home relief benefit, the commissioner can, with respect to the interim payments only, treat petitioner and her husband as a single two-person household and recoup, on a pro rata basis, one half of the total home relief benefits paid to petitioner and her husband during the interim period. We hold that in these circumstances the commissioner may recover no more than the increment actually provided by reason of petitioner’s eligibility and, therefore, affirm the order of the Appellate Division.
The home relief program is funded and controlled entirely by the State. As a condition of the grant of home relief benefits to petitioner, she was required to apply for SSI benefits. Having been found eligible for home relief, petitioner received those benefits while her SSI application was pending. Upon approval of the SSI application, petitioner became eligible for benefits retroactively to the date of application. In this case the period involved was approximately 16 months.
Pursuant to a Federal-State agreement, the retroactive *108 payment of $2,226.78 was sent directly to the local Social Services Department so that it could withhold an amount equivalent to the interim home relief benefits paid pending a ruling on petitioner’s SSI entitlement. By its pro rata calculation the agency determined that petitioner had received interim benefits in excess of the amount of the retroactive payment and, therefore, notified petitioner that the entire amount of the check had been withheld.[1]
Petitioner in a statutory fair hearing challenged the agency’s calculation, contending that it could properly recoup only the incremental increase since that represented the amount of money actually expended by the State on her behalf. She pointed out that at the time of her application for benefits her husband was receiving home relief benefits fixed at the level of a household of one, which were increased when her application for interim home relief benefits was approved, to the level fixed for a household of two. Since the law assumes that two persons living together can live less expensively than they could if they lived apart, the incremental increase in benefits was, she noted, substantially less than the benefit payable had petitioner been treated as a household of one.[2] However, for purposes of its recoupment of interim benefits, the agency used not the amount of the increment, but one half of the total benefits provided to the household.[3] The agency rejected petitioner’s contention and this article 78 proceeding ensued.
The Appellate Division sustained petitioner’s contention, holding that since petitioner and her husband received their funds from separate sources, they could not be treated as a single household for purposes of calculating the amount of home relief received by petitioner during the interim *109 between application for and approval of petitioner’s SSI benefits. We affirm, but on a somewhat different analysis.
The precise issue before us is a narrow one, and a full appreciation of the commissioner’s intricate argument requires that we place the instant controversy in perspective. The basic concept that economies of scale and shared expenses enable persons living together to live less expensively than they could live separately is unchallenged. That elementary principle is reflected in public assistance statutes which provide only incremental increases in assistance as the size of the eligible household increases (e.g., Social Services Law, § 131-a). Federal law limits the application of that concept where a needy recipient resides with an independent nonneedy individual, however, and the commissioner does not deny that an SSI recipient and a recipient of aid to dependent children (ADC) who lived together would be treated as discrete households for purposes of calculating the amount of ADC benefits to be provided (see US Code, tit 42, § 602, subd [a], par [24]).
The commissioner asserts, however, that since the home relief program is completely State-funded, these Federal limitations do not apply and that she, therefore, has the power to treat an SSI recipient and a home relief recipient as a. single two-person household in calculating the amount of home relief benefits. In other words, she could at any time reduce the husband’s home relief benefits from the grant of a household of one, to one half of the grant for a household of two. Given that power, the commissioner claims that it is within her power during the interim period when both petitioner and her husband are receiving home relief to attribute one half of the home relief grant to petitioner.
Whatever the commissioner’s asserted power in this regard, she has chosen not to exercise the right to treat an SSI recipient and a home relief recipient as a single household once the SSI recipient actually receives the Federal benefits.[4] Recognizing this, the commissioner seeks to articulate a reasonable basis for the divergent treatment of *110 these households before and after the actual receipt of SSI benefits. Citing Matter of Padilla v Wyman (34 NY2d 36, 41), the commissioner points out that one of the assumptions underlying the economies of scale theory, namely, the potential for oversight of household expenses by a single agency, is present during the interim period when both petitioner and her husband receive home relief, but absent when petitioner actually begins receiving the SSI benefits. This, it is claimed, justifies treating petitioner and her husband as one household for purposes of attribution on a per capita basis only during the interim period. Furthermore, the commissioner notes that since Federal law requires that an SSI recipient be excluded from an ADC household, it is administratively convenient on a monthly basis to adopt the same approach with respect to home relief. That consideration is absent when the agency calculates how much is to be withheld from a retroactive SSI payment because that is always a onetime, nonroutine calculation.
While the method of recoupment advanced by the commissioner could be characterized in the abstract as neither irrational nor whimsical were the issue one of legislative enactment, by no means does it justify the recoupment exacted from petitioner in this case. We note at the outset that the commissioner has not exercised her power to promulgate a regulation which would specify the method of attributing home relief benefits within a household during the interim period. For all that petitioner knew when she accepted the home relief increment, she would be considered a separate household before the arrival of the first SSI payment as she would certainly be treated after its arrival. The absence of a regulation makes it particularly unfair to accept the commissioner’s method of attribution since a person is not likely to assume that the acceptance of home relief benefits during the interim period will cause a net loss of funds in the long term. Therefore, even if the commissioner’s position were otherwise not objectionable, the absence of a regulation which advises applicants of that stance makes it unfair to apply it here.
There is, moreover, a more fundamental objection to the commissioner’s method of attributing interim home relief *111 benefits. We accept for purposes of argument that the commissioner could by regulation direct per capita attribution of home relief during both the interim period and the period after the SSI payment is first received. However, it is questionable whether a regulation governing only the interim period could direct per capita attribution, if the SSI recipient was to be excluded from the household after receipt of the first SSI payment.
It is critical to focus on the purpose of these interim benefits in order to recognize the incongruity inherent in such a regulatory scheme. The governing statute originally disqualified anyone eligible for SSI benefits from home relief benefits. However, it was recognized that this made no provision for SSI applicants during the period between the application for and the receipt of SSI benefits. Subdivision (a) of section 158 of the Social Services Law was, therefore, amended so that the home relief disqualification would not take effect until the applicant actually received the first SSI payment. The agency is then entitled to reimbursement for interim benefits provided and can deduct the appropriate amount from the first SSI payment. In short, these interim benefits are in the nature of a loan, or a substitute for SSI benefits, and the ordinary formulas by which public assistance is attributed to a recipient household do not readily apply. It is sophistry to divide a total award in half when petitioner has been lent only the increment found necessary to tide petitioner and her husband over until her SSI benefits arrive.
Indeed, the procrustean application of the “per capita” attribution formula has led to an unintended and surely undesirable result: petitioner would have been better off to have rejected the interim benefits and attempted to manage on her husband’s home relief benefits, until the arrival of the first SSI payment. The other consequence is that the State has benefited from petitioner’s need of interim benefits because it has paid less overall than it would have if petitioner had waited for the SSI benefit. Clearly, the purpose behind the amendment to subdivision (a) of section 158 of the Social Services Law and of the Federal-State agreement was not to discourage SSI applicants from *112 accepting the temporary assistance they need. Yet, if we consider the divergent treatment before and after the receipt of the initial SSI payment, that is precisely the effect of the commissioner’s current position.
In sum, the commissioner’s explanation has no persuasive force when considered against the unfairness and disruptive effect that its acceptance would engender. Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.

. By regulation the State limits recoupment to the amount of the initial SSI benefits check (see 18 NYCRR 370.11 [d]).

. At the hearing the following figures were used to illustrate the point. Assume that a one-person household received a basic needs grant of $94 and a shelter and fuel allowance of $169 for a total monthly grant of $263. If a second eligible person were added to the household, the maximum grant would be raised to $353. The additional monthly cost of providing for the second member of the household is only $90.

. Using the example referred to in footnote 2, the agency would claim the right to recoup $176.50, although it increased the home relief benefits by only $90 because of petitioner’s eligibility.

. 18 NYCRR former 352.30 (b) provided: “A person in receipt of SSI shall not be regarded as a member of the household for the purpose of determining need and amount of assistance.”