OPINION OF THE COURT
Theodore S. Kasler, J.
This is an article 78 proceeding to review the respondent New York State Department of Social Services (herein NYSDSS) decision after a hearing reversing the determination of the respondent Erie County Department of Social Services (herein ECDSS), denying petitioner Laura May Montgomery (herein Montgomery) Aid to Dependent Children-Foster Care benefits (herein ADC-FC). Petitioner Erie County Chapter of the New York State Association for Retarded Children, Inc. is a nonprofit agency authorized by the New York State Department of Social Services to operate a group home for the mentally retarded. Montgom *191 ery is in its custody and has been placed in a group home. It claims that it cannot continue to care for Montgomery without the benefits. Montgomery is a mentally retarded person who until the age of 19 resided with her mother and other siblings in the family residence. Due to the mother’s inability to care and supervise Montgomery as well as the abusive behavior she was exhibiting, application was made to the ECDSS for ADC-FC benefits that would finance her placement in a group home. At the time of the application, Montgomery was a full-time student in the Holland, New York school system and is currently attending high school in a vocational program. Montgomery was initially approved for the benefits on May 28,1980. Thereafter on July 30, 1980 after Montgomery had been placed in the group home, ECDSS notified the Association for Retarded Children that benefits were now being denied on account of Montgomery’s ineligibility due to age. In the ensuing months, all parties involved apparently attempted to settle the problem. But failing this, ECDSS formally notified Montgomery of the denial of aid on December 1, 1980. A request was then made to the Commissioner of the State Department of Social Services for a decision on the matter. Approximately five months later, on May 14, 1981 the request was denied and on June 12, 1981 the hearing was held.
Though the reversal seemingly benefits Montgomery, it was grounded upon respondents’ failure to accord her a timely notice that she did not qualify for ADC-FC as well as her rights to a fair hearing after she had been notified to the contrary some three to four weeks earlier. ECDSS was then instructed to take corrective measures in accordance with this finding pursuant to 18 NYCRR 358.22. No such action appears to have been taken to date. However, petitioners contest that part of the decision that otherwise deems Montgomery ineligible for ADC-FC benefits, and little foresight is required to perceive that this holding is dispositive of all future action. The petitioners object specifically where Montgomery is held ineligible for benefits because a court did not remove her from her home in violation of 18 NYCRR 369.8 (a), and because benefits may not be awarded to any person over the age of 18, as *192 Montgomery is, unless that person received benefits prior to the age of 18, as Montgomery did not, pursuant to the comprehensive annual social services program plan.
In responding to both issues, it must be observed that “[a] participating State may not deny assistance to persons who meet eligibility standards defined in the Social Security Act unless Congress clearly has indicated that the standards are permissive * * * Congress has specified that programs, like AFDC-FC, which employ the term ‘dependent child’ to define eligibility must be available for ‘all eligible individuals’ * * * Section 408 (e) reinforces this general rule by requiring States to provide Foster Care benefits to ‘any’ child who satisfies the federal eligibility criteria of § 408(a)” (Miller v Youakim, 440 US 125, 133-134). The Federal statutory scheme contemplates that a dependent child under the age of 21, who is a student regularly attending a specified school (US Code, tit 42, § 606, subd [a], par [2], els [B], [C]) and has been removed from his home pursuant to a voluntary placement agreement entered into by the child’s parent or legal guardian or as a result of a judicial determination, is eligible for Aid to Families with Dependent Children-Foster Care, should other conditions be met as well. Obviously, judicial action is not the sole prerequisite to eligibility. New York has enacted a similar provision. Subdivision 1 of section 358-a and section 384-a of the Social Services Law provide that the care and custody of a child may be transferred from a parent or guardian to an authorized agency by a written instrument, but unlike Federal law is subject to court approval. The corresponding regulation (18 NYCRR 369.8) only contains the requirement that there be a judicial determination of removal for ADC-FC eligibility. The Federal regulation is similar (45 CFR 233.110). Clearly, the New York regulation governing eligibility is contrary to the Federal law (US Code, tit 42, § 608). Congress has established the conditions for eligibility here and has recently expanded it to voluntary agreements (1980 amdt, 94 US Stat 513, 515; cf. Miller v Youakim, supra, pp 134-135). Contrary are the New York regulations relied upon by respondents which in this regard effectively deny benefits to those, like Montgomery, who meet Federal eligibility *193 standards. And to the degree that the above-cited New York statute requires judicial approval of the agreement instrument, there is as well a constriction placed upon those Federally eligible. Therefore, respondents are precluded from denying Montgomery benefits for the reason that she has not been removed from the home of a parent as a result of judicial determination.
The finding by respondents that Montgomery is ineligible for ADC-FC benefits at age 19 because she had not received benefits at age 18 and younger is clearly arbitrary and capricious and an abuse of discretion. Eligibility under the Social Security Act is extended to certain students under the age of 21 (US Code, tit 42, § 606, subd [a], par [2], els [B], [C]; 45 CFR 233.30 [b] [ii]). New York statutes (Social Services Law, §§ 349, 398-a) and regulations (18 NYCRR 369.8 [a] [1]; 369.2 [c]) regarding age eligibility for ADC-FC are similar.
As noted earlier, respondents claim they are guided by the comprehensive annual social services program plan. Though it has not been provided to the court for examination, it can be accorded little weight inasmuch as it conflicts with the regulations and is not itself a regulation (Matter of Delmar v Blum, 53 NY2d 105). The State eligibility standard parallels the Federal standard so as not to violate the supremacy clause of the United States Constitution (Townsend v Swank, 404 US 282). In neither is there a condition of eligibility found that requires an applicant to have received benefits at age 18 to continue to do so until age 21. Nor does the purpose of the Federal statutory age and school requirement for those over age 18 demand such an interpretation (Townsend v Swank, supra, p 290). As previously discussed, the respondents’ interpretation of eligibility would wrongly deny benefits to those eligible under Federal standards. It naturally follows that respondents’ determination has not reasonable basis in law.
Accordingly, respondents’ decision denying ADC-FC benefits for the reasons discussed is vacated. Inasmuch as the fair hearing decision should have ordered the correction of the ECDSS denial of the application for benefits and ordered “a grant * * * to cover the full amount to *194 which * * * [petitioners were] entitled * * * for the entire period from the date incorrect action was taken” (18 NYCRR 358.20), the court will do so.