■ HUBERTINE J. SCOTT, Respondent, v PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: In this proposed class action, plaintiff, on behalf of herself and similarly situated weekly premium industrial insurance policyholders, seeks to recover a refund of a portion of the insurance premiums paid to defendant. It appears that policyholders typically paid the weekly premium to a door-to-door collection agent; however policyholders who upon "proper notice" paid the premiums without requiring the agent to collect them and who met certain other conditions may have been entitled to a refund of a percentage of the premiums representing "the savings in collection expense" to the insurer (Insurance Law § 163 [1] [k] [repealed by L 1984, ch 367]). Plaintiff alleges that she was entitled to, but denied, a refund and that perhaps thousands of other policyholders have similar claims and should be joined in a class action.

We previously reversed Special Term's grant of class certification without prejudice to the renewal of plaintiff's motion for class action status upon her satisfying the criteria of CPLR 901 (*Scott v Prudential Ins. Co.*, 80 AD2d 746, *appeal dismissed* 54 NY2d 753). Thereafter, defendant was ordered to produce "debit books" in use by its agents in Erie and Niagara Counties "during the past four years" together with the agent

responsible for each such book for deposition and to permit plaintiff to inspect and copy entries.

Pursuant to this unappealed order, Salvatore Incorvaia, a Prudential agent who for 25 years serviced the geographic area in which plaintiff lived (debit route No. 157), testified that he made up a "route list weekly" of the policyholders from whom he collected premiums door-to-door and kept a record of those customers from whom he did not have to collect "mostly by memory". He stated that he could tell, by examining the debit book, which of the weekly policyholders he did not collect from and that in a short time he could go through the debit book and "mark X in the corner [of the debit sheet] where the person made a practice of sending in their [sic] money on a regular basis." Thereafter, plaintiff served on Prudential a notice to produce documents consisting of "[t]he name, address and phone number, or a photocopy of the debit sheet of each debit customer in Debit Book 157 who was not routinely included in the agent's 'route list' for collection purposes by agent SALVATORE INCORVAIA."

The narrow issue presented relates to the permissible scope of preclass-certification discovery and whether the records sought by plaintiff are material to her efforts to define her proposed class, i.e., the identification of policyholders who timely mailed premium checks and complied with the applicable statutes and conditions for entitlement of a refund. Agent Incorvaia testified that some of his debit customers, including plaintiff, made a practice of mailing the premium so that his services were not required for collection. Although this fact alone would not require a premium refund, the information may be material to plaintiff's pursuit of class certification and its production will not unduly burden Prudential. The inquiry is limited, however, to the relevant debit sheets of weekly premium industrial policyholders who can be determined by the agent as having mailed their premium checks on a regular basis and the order appealed from is modified accordingly. (Appeal from order of Supreme Court, Erie County, Kubiniec, J.—notice to produce.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Schnepp, JJ.