■ In the Matter of ALFREIDA DAVIS, on Behalf of Herself and All Others Similarly Situated, Respondent, and BOBBIE JARRELL, Intervenor-Respondent, v CESAR PERALES, as Commissioner of the New York State Department of Social Services, et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Commissioner of the New York City Department of Social Services to provide preinvestigation grants to applicants for public assistance, the appeal is from an order and judgment (one paper) of the Supreme Court, Kings County (Levine, J.), dated November 6, 1987, which, *inter alia,* (1) granted the application of the petitioner and the petitioner-intervenor for permission to maintain this proceeding pursuant to CPLR article 9, (2) directed the Commissioner of the New York State Department of Social Services to amend Administrative Directive 86 ADM-7, issued by the New York State Department of Social Services, by (a) adding a provision thereto that applicants for public assistance be given a written form advising them of the availability of preinvestigative assistance for emergency or immediate needs, (b) adding a provision thereto that the applicant sign the form, (c) adding a provision thereto that assistance is to be provided from the date of the application, and (d) deleting the provisions thereof requiring recourse to private sources of assistance, (3) directed the appellants to provide preinvestigation grants to petitioner Davis and the petitioner-intervenor Jarrell, and (4) awarded attorneys' fees.

Ordered that the order and judgment is modified, on the law and as a matter of discretion, (1) by deleting therefrom the provision which granted the application for class action certifi-

cation and substituting therefor a provision denying that application, (2) deleting the provisions thereof which directed the State Commissioner to amend Administrative Directive 86 ADM-7 and substituting therefor a provision dismissing that branch of the amended petition which was for that relief, and (3) deleting the provision thereof which awarded attorneys' fees, as so modified, the order and judgment is affirmed, without costs or disbursements.

This proceeding was instituted in April 1985 to compel the appellants to provide preinvestigative grants of assistance to applicants as mandated by the New York State Constitution and Social Services Law § 133.

NY Constitution article XVII provides:

"§ 1. [Aid, care and support of needy persons]

"The aid, care and support of the needy are public concerns and *shall be provided* by the state and by such of its subdivisions, and in such manner and by such means, as the legislature may from time to time determine" (emphasis supplied).

Social Services Law § 133 provides: "If it shall appear that a person is in immediate need, temporary assistance or care *shall be granted pending completion of an investigation*" (emphasis supplied).

The petitioner and the petitioner-intervenor also sought to compel the appellants to provide notification to applicants for public assistance of the availability of preinvestigation assistance. With regard to notification, they relied upon 18 NYCRR 351.1 (b), which provides:

"(b) *Responsibility for furnishing information. The social services official shall:*

"(1) *provide applicants* and recipients, and others who may inquire, *with clear and detailed information concerning programs of public assistance, eligibility requirements therefor,* methods of investigation *and benefits available under such programs*" (emphasis supplied).

The crux of the proceeding was the failure of the appellants to promulgate a policy and procedure to effectuate these constitutional and legislative mandates and the resulting deprivation of preinvestigation assistance from deserving individuals. However, on March 3, 1986, while this proceeding was pending, the New York State Department of Social Services issued Administrative Directive 86 ADM-7, a comprehensive compilation of policies and procedures regarding preinvestigative assistance. The directive, which is mandatory and binding on all local social services agencies, requires a same-day

interview of any applicant who indicates the existence of an emergency situation. The directive further states: "Local social services districts are reminded that they have an affirmative responsibility to ascertain whether an emergency situation exists, even in situations where the client has difficulty articulating his/her problem".

In apparent response to the issuance of this directive, the petitioner and the petitioner-intervenor served an amended petition dated July 31, 1986, in which they sought: (1) to certify a class pursuant to CPLR 902, (2) to compel the New York City Department of Social Services to provide notice to all applicants for public assistance of the availability of preinvestigation benefits and to grant such benefits to applicants in immediate need, (3) to compel the New York State Department of Social Services to amend Administrative Directive 86 ADM-7 to provide that local social services agencies must give notice of the availability of preinvestigation assistance and must grant such assistance, (4) to compel the appellants to locate all members of the petitioners' "class", i.e., persons who had been denied preinvestigation assistance since April 1, 1981, and to issue retroactive benefits, and (5) attorneys' fees. The amended petition also sought retroactive preinvestigation grants for the named petitioner and the named petitioner-intervenor, Davis and Jarrell. It should be noted that although the amended petition contained constitutional and statutory grounds for the relief sought, it is clear from the amended petition and the affidavit and memorandum of law submitted in support of the amended petition that the application for class action certification and relief pursuant to CPLR article 78 was grounded primarily on the alleged failure of the appellants to comply with Administrative Directive 86 ADM-7 and the alleged deficiencies of that directive with respect to the question of notice of the availability of preinvestigation benefits and the scope of needs covered.

We first address the issue of class action certification. The Supreme Court granted the request for certification but denied the request for notification of class members, since the relief sought was "primarily for injunctive or declaratory relief" (CPLR 904 [a]). Under the circumstances presented here, it was an improvident exercise of discretion to grant class action certification. In *Gonzalez v Blum* (96 AD2d 1091, 1092), this court, presented with a virtually identical claim, held: "Where governmental operations are involved, class actions are generally not superior to other available methods of adjudication (CPLR 901, subd a, par 5). It is generally supposed that

similarly situated persons will be adequately protected by the *stare decisis* effect of the decision if plaintiff is successful *(Matter of Martin v Lavine,* 39 NY2d 72, 75; *Matter of Jones v Berman,* 37 NY2d 42, 57; *Suffolk Housing Servs. v Town of Brookhaven,* 69 AD2d 242, mot to dismiss app granted 49 NY2d 799)." *(See also, Williams v Blum,* 93 AD2d 755; *Matter of Jackson v Blum,* 79 AD2d 1076; *Matter of Leone v Blum,* 73 AD2d 252, 274, *affd* 53 NY2d 105.)

Class action status is particularly inappropriate in this case because to the extent that the relief sought and granted related to the adequacy of Administrative Directive 86 ADM-7, the petitioner and the petitioner-intervenor were not members of the class they purported to represent. These named representatives of the class were applicants for public assistance whose applications predated the issuance of the challenged directive. They were not subjected to its alleged shortcomings and, thus, they lacked standing to challenge the directive. Although class action status may have been appropriate under the original petition seeking to compel the appellants to promulgate policy and procedures to effectuate their legal duty to provide preinvestigation assistance to those in immediate need, the issuance of Administrative Directive 86 ADM-7 rendered that claim for relief academic.

The remaining claim—that the named applicants for public assistance and others similarly situated had been improperly deprived of preinvestigation assistance in violation of the State Constitution and the Social Services Law—is not amenable to class action treatment. One of the statutory prerequisites to a class action is the existence of "questions of law or fact common to the class which predominate over any questions affecting only individual members" (CPLR 901 [a] [2]). Here, there is no common question of law or fact *(see, Matter of Froehlich v Toia,* 71 AD2d 824). Accordingly, class action certification should have been denied.

It was error for the Supreme Court to direct the appellants to amend Administrative Directive 86 ADM-7. As noted above, acting in their individual capacities, the petitioner and petitioner-intervenor have not demonstrated that they were aggrieved by the directive and, therefore, they lack standing to challenge its adequacy *(cf., Bowen v State Bd. of Social Welfare,* 55 AD2d 235, 238-239, *revd on other grounds* 45 NY2d 402).* Consequently, the branch of the amended petition concerning the Administrative Directive should have been dismissed for lack of standing.

In any event, it was improper for the Supreme Court, *sua*

*sponte,* to direct the appellants to delete from the Administrative Directive those paragraphs concerning utilization of private resources to meet the immediate needs of applicants for public assistance *(see, Matter of Walker v Furst,* 35 AD2d 727, *affd* 27 NY2d 805). The amended petition did not challenge this provision, and the appellants were not given an opportunity to defend its validity.

The award of attorneys' fees must also be vacated. CPLR 909 provides for a discretionary award of attorneys' fees to the representatives of a class who obtain a judgment in favor of the class. Here, the proceeding was improperly certified a class action and, therefore, CPLR 909 is not applicable. In awarding attorneys' fees, the Supreme Court also relied upon 42 USC § 1988. However, as this was not an action or proceeding to enforce any Federal right, 42 USC § 1988 cannot serve as a basis for an award of attorneys' fees in this case *(see generally, Maine v Thiboutot,* 448 US 1; *see also, Matter of Rosario v Blum,* 80 AD2d 511, 512-513).

With respect to the individual claims of the petitioner Davis and petitioner-intervenor Jarrell, we agree with the appellants that the language of the Supreme Court's order and judgment is somewhat ambiguous. However, it is sufficiently clear from the "Remedies" portion of the order and judgment and it is conceded on appeal that retroactive preinvestigation assistance was awarded to Davis and Jarrell. This portion of the order and judgment is based upon the court's factual determination that when Davis and Jarrell applied for assistance, they had immediate needs which were not met. We decline to disturb this finding.

We also agree with the Supreme Court's determination that the petitioner and the petitioner-intervenor were improperly deprived of their constitutional and statutory right to notice of the availability of preinvestigation assistance (NY Const art XVII; Social Services Law § 133; 18 NYCRR 351.1 [b]). Although, in view of the lack of standing of the petitioner and the petitioner-intervenor, we cannot properly direct that Administrative Directive 86 ADM-7 be amended, we note that necessary and proper implementation of the statutory mandate requires the appellants to give written notice to applicants for public assistance of the availability of preinvestigation assistance *(see, Matter of Baez v Blum,* 91 AD2d 994; *Gonzalez v Blum,* 127 Misc 2d 558, 560-561; *see generally, Mennonite Bd. of Missions v Adams,* 462 US 791; *Carey v Quern,* 588 F2d 230, 232). Written notice of the availability of preinvestigation assistance, together with further explanation

when necessary, will involve little, if any, inconvenience to the appellants and their employees. We do, however, disagree with the Supreme Court's conclusion that each applicant should be requested to sign a statement attesting to the applicant's understanding of his or her rights. Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur. *[See, 137 Misc 2d 649.]*