■ KENNETH CONRAD et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v RONALD B. HACKETT, as Commissioner of the Cattaraugus County Department of Social Services, et al., Respondents.—Judgment and order unanimously affirmed without costs. Memorandum: The IAS court did not abuse its discretion in denying petitioners' application for class action certification. At issue in this CPLR article 78 proceeding is the propriety of the manner in which respondents have determined to use the income of an institutionalized Medicaid recipient relative to the needs of the recipient's non-institutionalized spouse under the regulatory scheme in existence prior to the enactment of Social Services Law § 366-c *(see, Conrad v Hackett,* 149 Misc 2d 56). The court correctly noted that class actions are not generally regarded as a superior means of adjudicating claims involving governmental operations *(see, Matter of Martin v Lavine,* 39 NY2d 72, 75; *Matter of Delmar v Blum,* 73 AD2d 252, 274, *affd* 53 NY2d 105), especially, where, as here, application of principles of stare decisis will adequately protect subsequent petitioners *(see, Rivers v Katz,* 67 NY2d 485, 499, *rearg denied* 68 NY2d 808). A question of law common to the class is presented relative to the propriety of respondents' practice in determining the use of the income of an institutionalized Medicaid recipient; however, inasmuch as determination of each class member's claim would require proof of entitlement and the parties' specific circumstances, questions affecting individual members would predominate over those common to the class (CPLR 901 [a] [2]; *see, Scott v Prudential Ins. Co.,* 80 AD2d 746, *appeal dismissed* 54 NY2d 753). Thus, allowing this matter to proceed as a class action would not be likely to achieve any economy of judicial resources *(see, Friar v Vanguard Holding Corp.,* 78 AD2d 83, 97). (Appeal from Judgment and Order of Supreme Court, Genesee County, Morton, J.—Article 78.) Present—Denman, P. J., Boomer, Lawton, Fallon and Doerr, JJ. *[See,* 149 Misc 2d 56.]