■ Nydia Hernandez et al., on Behalf of Themselves and Others Similarly Situated, Appellants, v Marva Hammons, Individually and as Commissioner of the New York City Department of Social Services, Respondent. [657 NYS2d 170] —Or-

der, Supreme Court, New York County (Charles Ramos, J.), entered June 20, 1995, which, in an action to declare that defendant New York City Department of Social Services' practice of failing to make eligibility determinations on the applications of plaintiff putative class, consisting of persons with HIV illness or AIDS, for emergency assistance consisting of rent security deposits, brokers' fees and/or moving expenses (collectively, "emergency moving benefits") within 48 hours and, if found eligible, to issue such emergency assistance by the end of the next working day is in violation of Social Services Law §§ 133 and 300-309 and various regulations of the State Department of Social Services (DSS), granted plaintiff's motion for a preliminary injunction to the extent of directing defendant to provide emergency moving benefits on an emergency basis to HIV-infected individuals who are without shelter and severely ill or disabled, without imposing any time limit for determining eligibility for or awarding emergency moving benefits, and denied class certification, unanimously modified, on the law, the facts and in the exercise of discretion, to preliminarily enjoin defendant to make eligibility decisions within 30 days of its receipt of a completed request form, as mandated by DSS Administrative Directive 89 ADM-6, and, in cases of immediate need, to follow the procedures and time frames set forth in DSS Administrative Directive 86 ADM-7, namely, a determination of eligibility for emergency moving benefits within 48 hours and an award thereof to qualified applicants by the following day, and otherwise affirmed, without costs.

Plaintiffs alleged that defendant fails to act on their applications for emergency moving benefits (Social Services Law § 303 [1] [e], [i], [j]; 18 NYCRR 397.1 [b] [5], [9], [10]; 397.5 [e]), and seek to preliminarily enjoin defendant to make eligibility determinations within 48 hours of the submission of a complete application and to issue emergency moving benefits to qualified applicants by the following day, invoking State Department of Social Services Administrative Directives 86 ADM-7, 92 ADM-26 and various other State DSS documents. While neither side provided the motion court or this Court with a copy of Administrative Directive 89 ADM-6, that directive is referred to in the fair hearing determinations annexed to plaintiffs' motion papers, concerns applications for identical emergency moving benefits, and specifically states: "A decision on a request for an additional allowance must be made within 30 days of the local district's receipt of a completed request form * * * unless there is an immediate need. In the case of an immediate need, local districts must follow the procedures outlines in 86 ADM-7." This mandatory directive, binding on

all local districts (see, *Matter of Davis v Perales*, 151 AD2d 749, 750-751, *lv denied* 75 NY2d 706), establishes plaintiffs' right to preliminary injunctive relief. A prompt 30-day determination in accordance with 89 ADM-6 will prevent the potential loss of apartments, the health hardships and the inappropriate two-step fair hearing procedure that plaintiffs are presently forced to follow in order to obtain an initial eligibility determination and a review of any adverse determination by defendant. Further, in limiting relief under 86 ADM-7 to only those plaintiffs who lack shelter, the motion court overlooked other potentially applicable "immediate need" aspects of 86 ADM-7, such as *receipt of a notice of eviction or dispossession*, and we eliminate that limitation. Moreover, 86 ADM-7 imposes a 48-to-72-hour time frame for determining eligibility and awarding emergency moving benefits in cases of immediate need, which defendant admits would apply given immediate need. Accordingly, we modify to direct compliance with both 89 ADM-6 and 86 ADM-7. Class certification was properly denied because the claims, as presented, lack factual commonality (see, *Auguste v Wing*, 1996 US Dist LEXIS 20118 [ED NY, Nov. 18, 1996, Sifton, Ch. J.]; *Conrad v Hackett*, 184 AD2d 995; *Matter of Davis v Perales, supra*, at 752). In addition, since 86 ADM-7 and 89 ADM-6 already impose time limits on defendant's eligibility determinations and, in cases of immediate need, on the payment of emergency moving benefits, plaintiffs are adequately protected by the doctrine of stare decisis (see, *Matter of Jones v Berman*, 37 NY2d 42, 57). Concur—Murphy, P. J., Rosenberger, Wallach, Tom and Andrias, JJ.