◼ Thomas P. Casey, Jr., on Behalf of Himself and All Others Similarly Situated, Respondent, v Prudential Securities, Inc., Appellant. [702 NYS2d 670] —Graffeo, J. Appeal from an order of the Supreme Court (Hughes, J.), entered May 27, 1999 in Albany County, which, *inter alia*, granted plaintiff's motion to compel disclosure.

Plaintiff commenced this putative class action lawsuit to recover money damages resulting from defendant's alleged misrepresentations and failure to notify its customers of its use of computer-generated pricing for unlisted securities.* In November 1992 plaintiff purchased 125 shares of Pennsylvania Power Company Preferred (hereinafter PA Power Preferred), an unlisted preferred stock, allegedly upon the recommendation of one of defendant's representatives. Thereafter, plaintiff received monthly statements from defendant which purportedly listed share prices for PA Power Preferred. Defendant's pricing, however, was based on an approximation of value using a computer matrix model provided by a third-party vendor, Interactive Data Corporation. Plaintiff claims that defendant's use of artificial, computer-generated pricing was false and misleading, and that in reliance on the purported market price quoted to him by one of defendant's financial analysts, plaintiff suffered a loss in October 1995 when he sold his shares of PA Power Preferred because the actual market price was much lower than the price quoted.

---

* As is relevant here, unlisted securities are those securities not listed on any major securities exchange or NASDAQ.

Prior to class action certification, plaintiff served various discovery demands on defendant. In response, defendant supplied information with respect to individuals who traded in unlisted preferred stocks during the period of time plaintiff owned his PA Power Preferred shares but withheld disclosure regarding two other categories of unlisted securities, i.e., unlisted common stocks and unlisted debt securities (primarily corporate bonds). After Supreme Court denied defendant's motion to dismiss, plaintiff moved to compel disclosure regarding his first and second set of interrogatories and defendant cross-moved for a protective order. Supreme Court granted plaintiff's motion to compel and this appeal ensued.

Generally, trial courts have broad discretion in their supervision of disclosure (*see, Willis v Cassia*, 255 AD2d 800, 801; *Jackson v Dow Chem. Co.*, 214 AD2d 827, 828) and "plaintiffs are entitled to discovery to adduce evidence to meet their burden of showing that the statutory prerequisites for certification of a class are met" (*Meraner v Albany Med. Ctr.*, 199 AD2d 740, 742; *see, Scott v Prudential Ins. Co.*, 112 AD2d 714, 715). CPLR 901 (a) enumerates the prerequisite for a class action as follows: (1) the class must be so numerous that joinder of all members is impracticable; (2) common questions of law or fact must predominate; (3) the claims of the representative plaintiff must be typical of all members of the class; (4) the representative party must fairly and adequately protect the interests of the class; and (5) a class action must be the most fair and efficient means of resolving the controversy. Also, relevant to this action is the broad disclosure standard articulated in CPLR 3101 (a) encompassing "all matter material and necessary in the prosecution or defense of an action", balanced by the court's ability to issue a protective order to prevent abuse (*see,* CPLR 3103 [a]).

Here, in pursuit of certification of a class, particularly with respect to the requirement to demonstrate numerosity, plaintiff seeks to obtain information pertaining to all persons who purchased or sold over-the-counter or off-exchange securities using defendant's services from November 1992 to the present. Defendant asserts that it has complied with all discovery requests with regard to unlisted preferred stock trades for the time interval that plaintiff owned his PA Power Preferred stock (35 months), but contends that the information sought for unlisted common stock or unlisted debt securities need not be disclosed because such categories of securities are not traded, priced or valued in comparable ways to unlisted preferred stocks.

Preliminarily, we note that on this appeal defendant has elaborated on the pricing methodologies utilized and the factors relevant to the valuation of the three types of securities at issue. However, recognizing that we are confined by the evidence which was before Supreme Court (*see, Matter of Heinemeyer v State of N. Y. Power Auth.*, 229 AD2d 841, 843, *lv denied* 89 NY2d 801), our focus is on whether the record supports a finding of fundamental differences in the valuation or the written disclosures made by defendant to its customers.

In support of its contention that there is no commonality in the pricing methods between the three categories of unlisted securities, an affidavit was submitted to Supreme Court by defendant's first vice-president who also served as manager of its Pricing Coordination Department. In this capacity, he claimed to have acquired familiarity with the pricing methodologies used by Interactive Data Corporation to establish the prices or values of unlisted securities. Characterizing the pricing of unlisted preferred stocks as a "matrix of factors", he cited various components, including "credit worthiness, call protection, sinking fund dates and amounts and liquidity", which are accorded varying weight in the formula that generates the "spread relationship between the particular issue and United States Treasury securities" used to estimate yield-based pricing. Defendant asserts that this valuation methodology is unique to unlisted preferred securities and therefore the valuation of the other two classes of securities are irrelevant to plaintiff's causes of action. As a final objection to disclosure, defendant alleges that plaintiff's demands are excessive and burdensome since the compilation of trading information for the three categories of unlisted securities would involve thousands of transactions and require considerable computer programming and mainframe time.

Based upon our review of the record, we find that defendant produced insufficient evidence before Supreme Court in support of its supposition that unlisted common stocks were valued in a manner distinct from unlisted preferred securities. Only one sentence of the two-page affidavit of defendant's vice-president addresses the pricing of unlisted common stocks, with the conclusory assertion that "it is my understanding that unlisted common stocks are not priced off a matrix, but, instead, are priced solely on market transactions and quotations". In the absence of adequate support for the contention that the method and accuracy of valuation between unlisted common stocks and unlisted preferred stock is substantially different, there is no basis for us to disturb

Supreme Court's exercise of discretion regarding this discovery request. Furthermore, the written price disclosure printed on plaintiff's monthly statements does not make a distinction between these two categories of securities.

With respect to the time interval to be encompassed by plaintiff's discovery requests, we find that it is unduly broad at this juncture of the action to require disclosure of transactions which occurred subsequent to plaintiff's sale of his PA Power Preferred stock, especially in light of the volume of trades in the categories of securities subject to disclosure (*cf.*, *Chimenti v American Express Co.*, 97 AD2d 351). Accordingly, defendant's disclosure shall be limited to the time period that plaintiff owned PA Power Preferred stock.

We modify Supreme Court's order with respect to the third category of securities at issue—debt securities. Based on a review of the record, it is apparent that defendant provided additional specific pricing disclosure information for unlisted debt securities to its customers. Significantly, the monthly statements contained a separate notation that debt security pricing was based on a matrix and that "[a]ctual bids may be significantly different". According to plaintiff, and acknowledged by defendant, the account statements did not refer holders of unlisted common or preferred stock to this disclosure notation. Therefore, since defendant's disclosure statements were manifestly dissimilar for debt securities and such securities were priced based on a matrix formula different from that utilized for unlisted preferred stock, we find that defendant has met its burden under CPLR 3103 (a) and is entitled to a protective order excluding unlisted debt securities from plaintiff's interrogatories and requests for document production.

Cardona, P. J., Crew III, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied defendant's cross motion for an order of protection regarding discovery related to unlisted debt securities and limiting discovery to the period of time plaintiff owned Pennsylvania Power Company Preferred; cross motion granted to that extent; and, as so modified, affirmed.