■   In the Matter of WILLIAM J. KNAPP et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v CHARLES L. MICHAUX, JR., as Director of Parking Violations Bureau, City of Buffalo, et al., Respondents.—Judgment unanimously reversed, with costs, and matter remitted to Special Term, Erie County, for further proceedings in accordance with the following memorandum: Petitioners bring this article 78 proceeding in the style of a class action, asserting constitutional and statutory impediments in the creation and operation of the Parking Violations Bureau of the City of Buffalo. Petitioners appeal from a dismissal of the proceeding. Special Term erred in holding that CPLR 901 (subd b) "expressly prohibits the initiation of a class action *attacking a statute imposing a penalty"* (*Matter of Knapp v Michaux,* 87 Misc 2d 129, emphasis in original). CPLR 901 (subd b) provides: "Unless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action." The section does not address itself to attacks upon a statute but rather prohibits the use of a class action to recover a statutorily imposed penalty unless the statute under which the penalty is to be imposed authorizes its use (see, e.g., *Vickers v Home Fed. Sav. & Loan Assn.,* 56 AD2d 62, dealing with penalties and minimum measures of recovery under the Federal Truth in Lending Law [US Code, tit 15, § 1601 *et seq.]).* CPLR 901 (subd b) is not designed to prohibit a class action "to recover actual damages suffered by

the members of the class" (2 Weinstein-Korn-Miller, NY Civ Prac, par 901.13). The thrust of the petition here is to establish a class to procure the return of fines and penalties allegedly unlawfully imposed and previously paid. Such a proceeding is not barred as a class action by CPLR 901 (subd b). Moreover, while class action status should not be denied solely because governmental operations are involved, it may only sparingly be authorized in such circumstances. In that connection, the court's discretion should be addressed to other relevant considerations which may arise in determining the propriety of class action relief (see, e.g., *Owens v Roberts,* 377 F Supp 45, 60-61; compare *Matter of Jones v Berman,* 37 NY2d 42, 57; *Matter of Rivera v Trimarco,* 36 NY2d 747, 749; *Matter of Shook v Lavine,* 49 AD2d 238, 242-243). CPLR 902 provides that where a plaintiff brings a class action, he must move within 60 days after the time to serve a responsive pleading has expired for all named defendants "for an order to determine whether it is to be so maintained." Here, however, the plaintiffs moved within that time period for an order of discovery to obtain the facts necessary to satisfy the prerequisites of a class action and for an order, pending discovery, staying the determination of whether class action status was appropriate. While it appears that plaintiffs' motion was proper in the circumstances (CPLR 2004; 2 Weinstein-Korn-Miller, NY Civ Prac, pars 902.02, 902.03), Special Term failed to rule thereon in dismissing the petition upon its finding that the class action was prohibited by CPLR 901 (subd b). On remission, Special Term should rule upon the motion and make such other determinations, if necessary, as are consistent with CPLR article 9. It should be noted that this decision is limited to the precise issue presented and does not relate to other questions of law or fact which may arise on the pleadings. (Appeal from judgment of Erie Supreme Court—art 78.) Present —Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ. [87 Misc 2d 129.]