■ JOHN T. STEWART et al., Respondents-Appellants, v JOEL L. SCHEINERT et al., Appellants-Respondents, et al., Defendants, and VICTORIA K. SEIGERMAN et al., Respondents.—In a taxpayers' action pursuant to section 51 of the General Municipal Law, defendants Scheinert, Grant, Connor, Fallon, Sullivan and Zebrowski appeal from so much of a judgment of the Supreme Court, Rockland County, entered April 19, 1977, as, after a nonjury trial, directed them to reimburse the County of Rockland for a certain expenditure. Plaintiffs cross-appeal from that portion of the judgment which dismissed certain causes of action. Plaintiffs' cross appeal

dismissed, without costs or disbursements, for failure to perfect. Judgment reversed insofar as appealed from by the aforesaid defendants, on the law, without costs or disbursements, and the first cause of action of the complaint is dismissed. The appealing defendants were members of the County Legislature of the County of Rockland. In this action brought pursuant to section 51 of the General Municipal Law, the plaintiffs have been granted a personal judgment in the sum of $650 to be paid to the Treasurer of the County of Rockland, on the ground that a certain expenditure which was voted to be made by the appealing defendants, was illegal and waste. The expenditure was made as an appropriation of funds for the printing and dissemination of a pamphlet concerning the proposed county constitution. Although the trial court found that the pamphlet was biased in favor of the constitution, and we do not presume to disturb that finding, we do not find that the appealing defendants are personally liable for the expenditure. There was no evidence from which a finding could be made that the appealing defendants personally profited from the expenditure or were guilty of any acts of fraud or collusion. At most, the evidence indicates that the appealing defendants were actuated by the belief that the proposed county constitution would be beneficial to the County of Rockland and that they acted in good faith in authorizing the printing and dissemination of the pamphlet. Absent evidence of bad faith or collusion or the receipt of personal profit, public officers cannot be held personally liable for illegal acts *(Daly v Haight,* 170 App Div 469, affd 224 NY 726; *Stetler v McFarlane,* 230 NY 400; *Wallace v Jones,* 122 App Div 497, affd 195 NY 511). Accordingly, the judgment must be reversed insofar as it has been appealed from by the defendants and the first cause of action of the complaint dismissed. Mollen, P. J., Hopkins, Titone and Suozzi, JJ., concur.