GLORIA FELDER et al., Individually and on Behalf of All Other Persons Similarly Situated, Respondents, v EDWIN A. FOSTER et al., Individually and as Monroe County Legislators, et al., Appellants.

Fourth Department, November 16, 1979

## APPEARANCES OF COUNSEL

*John D. Doyle (Christine E. Burke* of counsel), for appellants.

*Sam Di Lalla (Charles Genese* of counsel), for James Reed, appellant.

*Rene Reixach* and *Ian De Waal* for respondents.

## OPINION OF THE COURT

MOULE, J.

In December, 1976 the Monroe County legislature adopted a county budget which expressly provided that there would be no funds for welfare payments to a category of recipients denominated "home relief singles". Plaintiffs, recipients of "home relief singles" aid, obtained a preliminary injunction enjoining defendant from discontinuing such aid and commenced a class action suit against the Monroe County legislators, the Monroe County Manager, the Director of the Monroe County Department of Social Services, and the Commissioner of the New York State Department of Social Services, asserting that defendants, individually and in their official capacities, had violated section 1983 of title 42 of the United States Code, the Federal civil rights statute. Plaintiffs sought a judgment declaring that defendants had violated the Social Services Law of New York and the equal protection clauses of the New York and United States Constitutions, a permanent injunction restraining defendants from terminating "home relief singles" benefits and punitive damages against the Monroe County legislators.

On March 7, 1977 plaintiffs moved for class action certification pursuant to CPLR article 9, and for summary judgment

on their causes of action for declaratory and injunctive relief against defendants Monroe County legislators, Monroe County Manager and Monroe County Director of Social Services. Defendants cross-moved to dismiss plaintiffs' complaint for failure to state a cause of action.

Special Term granted plaintiffs' motion for class certification and granted their motion for summary judgment on the causes of action for declaratory and injunctive relief. It denied defendants' cross motion to dismiss plaintiffs' complaint.

■ Defendants' first contention is that Special Term erred in granting class certification. While class action relief generally is denied where governmental operations are involved (see *Matter of Dumbleton v Reed,* 40 NY2d 586, 589; *Baumes v Lavine,* 38 NY2d 296, 305; *Matter of Shook v Lavine,* 49 AD2d 238, 242-243), it is granted in proper instances (see *Matter of Knapp v Michaux,* 55 AD2d 1025; *Echevarria v Carey,* 402 F Supp 183, affd 538 F2d 309). Here, the approximate 2,000 members of the class are too numerous for joinder, their claims are common to all class members and raise common legal questions which predominate over questions affecting individual members, and the representative parties will fairly and adequately protect the interests of the class (CPLR 901, subd a).

CPLR 901 (subd b) does not preclude a class action where plaintiffs seek punitive damages under section 1983 of title 42 of the United States Code, since such damages are not a "penalty" or "minimum measure of recovery created or imposed by statute" (see *Matter of Knapp v Michaux, supra;* 2 Weinstein-Korn-Miller, NY Civ Prac, par 901.13; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C901:7, pp 327-328). Accordingly, we hold that Special Term properly exercised its discretion in granting class action certification.

■ Defendants' second contention is that plaintiffs have failed to state a cause of action pursuant to section 1983 of title 42 of the United States Code. Plaintiffs have raised a valid claim that their constitutional rights under the equal protection clause of the United States Constitution have been violated. Terminating aid to "home relief singles" denies to a class of needy persons public assistance which is available to all other categories of needy persons and is not justifiable as rationally related to any legitimate State interest (see *United States Dept. of Agric. v Moreno,* 413 US 528; *Matter of Lee v*

*Smith,* 43 NY2d 453). Saving money is not a proper justification for the creation of impermissible classifications and total exclusion from home relief (see *Shapiro v Thompson,* 394 US 618, 633; *Tucker v Toia,* 89 Misc 2d 116, 128-129, affd 43 NY2d 1). Therefore, Special Term properly granted plaintiffs' motion for summary judgment on their causes of action for declarative and injunctive relief under section 1983 of title 42 of the United States Code.

■ Defendants' third contention is that they are immune from injunctive and declaratory relief. Immunity in the context of section 1983 actions involves only damages, not injunctive or declaratory relief (see *Lake Country Estates v Tahoe Planning Agency,* 440 US 391; *Wood v Strickland,* 420 US 308; *Person v Association of Bar of City of New York,* 554 F2d 534, 537, cert den 434 US 924; *Rowley v McMillan,* 502 F2d 1326, 1332; *Citizens Council on Human Relations v Buffalo Yacht Club,* 438 F Supp 316). Accordingly, none of the defendants possessed immunity, absolute or qualified, from injunctive or declaratory relief. In addition, the injunctive and declaratory relief was properly granted against defendants Monroe County Manager and Monroe County Director of Social Services. Inasmuch as these defendants are responsible for the administration of the affairs of Monroe County and the implementation of the legislature's budgetary cut affecting aid to "home relief singles", both are necessary and proper parties.

■ Defendants' final contention is that the Monroe County legislators are immune from punitive damages. State and Federal legislators enjoy absolute immunity from liability for damage claims under section 1983 of title 42 of the United States Code *(Tenney v Brandhove,* 341 US 367), nor are plaintiffs entitled to damages under New York law (see General Municipal Law, § 51; *Stewart v Scheinert,* 64 AD2d 699, affd 47 NY2d 826; Prosser, Torts [4th ed], § 132). This immunity arises from three sources first, the "speech and debate" clause of the United States Constitution; second, historical legislative immunity dating to the parliamentary struggles of the 16th and 17th centuries; and, third, the fact that Federal and State Legislatures have procedures for disciplining members (see *Tenney v Brandhove, supra).* Inasmuch as the underpinnings of legislative immunity do not exist in the executive realm, the Supreme Court has recognized only a qualified immunity for executive officials and administrators *(Wood v Strickland, supra; Scheuer v Rhodes,* 416 US 232, 247-248;

*Pierson v Ray,* 386 US 547). The question, then, is whether this legislative immunity applies to regional and local legislatures as well as Federal and State Legislatures. In *Lake Country Estates v Tahoe Planning Agency* (440 US 391, 404-406, *supra),* the United States Supreme Court enunciated a new basis for absolute legislative immunity and made it clear that such immunity extends to regional legislators. The majority reasoned that absolute immunity is necessary to protect the "public good" by shielding legislatures from the distraction of a trial and the probing of their motives, providing that they are acting in their legislative capacity *(Lake Country Estates v Tahoe Planning Agency, supra,* pp 403-405). This reasoning supports the recognition of an absolute immunity for the county legislators in the present case who were acting in their legislative capacities.

Accordingly, Special Term should have granted defendants' motion to dismiss plaintiffs' cause of action for punitive damages against the defendant Monroe County legislators.

CARDAMONE, J. P., SCHNEPP, CALLAHAN and WITMER, JJ., concur.

Order unanimously modified and, as modified, affirmed, without costs, in accordance with opinion by MOULE, J.