■ GLORIA FELDER et al., Individually and on Behalf of All Persons Similarly Situated, Respondents, v EDWIN A. FOSTER et al., Appellants. — Order unani-

mously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In the underlying action plaintiffs obtained class certification and declaratory and injunctive relief but were denied punitive damages against defendants (*Felder v Foster,* 71 AD2d 71, app dsmd 49 NY2d 800). Special Term properly determined that plaintiffs as the prevailing party are entitled to reasonable attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act (US Code, tit 42, § 1988), and ordered an evidentiary hearing to determine the amount of the award. Relying on the ruling in *White v New Hampshire Dept. of Employment Security* (629 F2d 697, cert granted 451 US 982), defendants contend that plaintiffs' application for attorney's fees was not timely. *White* is easily distinguished from the instant case. There plaintiffs had never requested attorney's fees and a consent decree had been entered which purported to resolve all the issues. Plaintiffs' application for fees four and one-half months after judgment was thus untimely in view of subdivision (e) of section 59 of the Federal Rules of Civil Procedure (US Code, tit 28, Appendix) which provides that such application must be made within a 10-day period. In the case before us plaintiffs' request for attorney's fees was made initially in the pleadings and, more significantly, there has been no final judgment in the case and thus the application would be timely even under Federal jurisdiction (see *Anderson v Morris,* 658 F2d 246; *Glass v Pfeffer,* 657 F2d 252). Defendant county legislators are correct, however, in asserting that insofar as they acted in a legislative capacity, they are immune from liability for attorney's fees in view of the decision in *Supreme Ct. of Virginia v Consumers Union* (446 US 719). The order is therefore modified to exclude those defendants insofar as they acted in their legislative capacity. Such modification will have little effect on the outcome inasmuch as any award determined to be owing to plaintiffs will ultimately be obtained from Monroe County even though the county is not named as a party (see *Hutto v Finney,* 437 US 678, 700). Additionally, we find that Special Term correctly determined that any efforts expended in pursuit of plaintiffs' claims for punitive damages subsequent to March 5, 1979 are noncompensable in view of the decision in *Lake Country Estates v Tahoe Planning Agency* (440 US 391) which held that punitive damages are unavailable under the circumstances presented here (see *Felder v Foster, supra*). Finally, we hold that the guidelines to be followed at the evidentiary hearing are those enunciated in *Northcross v Board of Educ.* (611 F2d 624, cert den 447 US 911) and *Johnson v Georgia Highway Express* (488 F2d 714) as to the reasonableness of the services performed. We have considered defendants' remaining arguments and find them to be lacking in merit. (Appeal from order of Supreme Court, Monroe County, Boehm, J. — attorney's fees.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ. [107 Misc 2d 782.]