■ CARMEN GONZALEZ, Individually, Appellant, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — In an action for a declaratory judgment that defendants are failing to properly implement section 133 of the Social Services Law and for injunctive relief directing defendants to adopt certain procedures with respect to preinvestigation public assistance grants authorized by that section, plaintiff appeals from an order of the Supreme Court, Westchester County (Cerrato, J.), entered February 24, 1982, which denied her motion for class action certification. Order affirmed, without costs or disbursements. Because of the recurring nature of the issues presented, the fact that plaintiff is presently receiving public assistance does not render this appeal moot (see *Matter of Hearst Corp. v Clyne,* 50 NY2d 707). Plaintiff alleges that defendants violate due process by failing to notify applicants for public assistance of the existence of preinvestigative grants for those in immediate need, and by failing to inform

those found ineligible for such grants of the reasons for denial and their right to administrative review and a fair hearing. Plaintiff moved pursuant to CPLR 902 and 903 for an order permitting the action to proceed as a class action. Plaintiff sought to represent a class of "persons who have applied or will apply for public assistance from the Westchester County Department of Social Services but for whom no determination was or will be made as to whether they are eligible for pre-investigation grants; who have not or will not be informed that they are eligible for pre-investigative grants if they are in immediate need; who, after being denied a pre-investigative grant, have not or will not be informed of the specific reasons or right to review". Special Term denied plaintiff's motion, and we affirm. We are not persuaded that defendants are estopped from opposing the instant motion because in prior motions by would-be plaintiffs to intervene in this action, defendant Blum argued that the moving parties' rights would be protected if the action were to proceed as a class action. The motions to intervene were denied on other grounds and defendant Blum's prior argument cannot be used to impose the administrative burdens of a class action upon a court. Where governmental operations are involved, class actions are generally not superior to other available methods of adjudication (CPLR 901, subd a, par 5). It is generally supposed that similarly situated persons will be adequately protected by the *stare decisis* effect of the decision if plaintiff is successful (*Matter of Martin v Lavine,* 39 NY2d 72, 75; *Matter of Jones v Berman,* 37 NY2d 42, 57; *Suffolk Housing Servs. v Town of Brookhaven,* 69 AD2d 242, mot to dismiss app granted 49 NY2d 799). Nor are we persuaded by plaintiff's argument that the instant action qualifies as an exception to the general rule. Her reliance on *Felder v Foster* (71 AD2d 71, app dsmd 49 NY2d 800) and *Doe v Greco* (62 AD2d 498) is misplaced. Those cases involved quite different factual patterns than that present here. In *Doe v Greco* (*supra,* pp 501-502) it was found that *stare decisis* would not protect similarly situated plaintiffs. *Felder v Foster* (*supra*) involved demonstrable bad faith on the part of public officials, a factor not present here. Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.