650

■ Board of Education of the Sachem Central School District at Holbrook, Respondent, v Patrick R. Vecchio, as Supervisor of the Town of Smithtown, et al., Appellants. (Action No. 4.) Board of Education of the Commack Union Free School District et al., Respondents, v Patrick R. Vecchio, as Supervisor of the Town of Smithtown, et al., Appellants. (Action No. 5.) Cora Crimmins, Individually and as a Member of the Board of Education of the Smithtown Central School District, et al., Respondents, v Patrick R. Vecchio, as Supervisor of the Town of Smithtown, et al., Appellants. (Action No. 9.) Board of Education of the Three Village Central School District, Respondent, v Patrick R. Vecchio, as Supervisor of the Town of Smithtown, et al., Appellants. (Action No. 11.)—In related actions for moneys had and received, the defendants appeal, (1) in Action No. 4, from an order and judgment (one paper) of the Supreme Court, Suffolk County (Brown, J.), dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiff's cross motion for partial summary judgment on the issue of liability, (2) in Action No. 5, from an order and judgment (one paper) of the same court, also dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability, (3) in Action No. 9, from an order and judgment (one paper) of the same court, also dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability, and (4) in Action No. 11, from an order and judgment (one paper) of the same court, also dated February 20, 1990, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiff's cross motion for partial summary judgment on the issue of liability. By decision and order dated August 20, 1990, this court reversed those orders and judgments *(see, Board of Educ. v Vecchio,* 164 AD2d 901). On June 13, 1991, the Court of Appeals reversed the decision and order of this court and remitted the matters to this court for a determination in accordance with its decision *(see, Board of Educ. v Rettaliata,* 78 NY2d 128). Justices Miller and O'Brien have been substituted for former Justice Brown and the late Justice Kooper *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order and judgment in Action No. 4 is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, a computation of the interest owing to the plaintiff school

district, and the entry of a judgment for the amount owed to it; and it is further,

Ordered that the order and judgment in Action No. 5 is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, a computation of the interest owing to the plaintiff school districts, and the entry of a judgment for the amount owed to them; and it is further,

Ordered that the order and judgment in Action No. 9 is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, a computation of the interest owing to the plaintiff school districts, an accounting, and the entry of a judgment for the amount owed to them; and it is further,

Ordered that the order and judgment in Action No. 11 is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, a computation of the interest owing to the plaintiff school district, and the entry of a judgment for the amount owed to it; and it is further,

Ordered that the respondents, appearing separately and filing separate briefs, are awarded one bill of costs.

Our determination in *Board of Educ. v Rettaliata* (181 AD2d 648 [decided herewith]) is dispositive of the instant appeals.

With respect to Action No. 9, we find that an accounting was properly ordered in light of the uncontroverted statements by the plaintiffs that certain financial data was unavailable for their review. The issue of Patrick Vecchio's liability in his personal capacity is not before us, as the order and judgment in Action No. 9 is silent on that issue *(see, Katz v Katz,* 68 AD2d 536). In any event, we note that there was no showing that Patrick Vecchio acted in bad faith, or received a personal profit, and he cannot be held personally liable for acts committed in his professional capacity *(see, Stewart v Scheinert,* 64 AD2d 699, *affd* 47 NY2d 826; *Rottkamp v Young,* 21 AD2d 373, *affd* 15 NY2d 831). Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.