Shultz v Cambridge Dev., L.L.C. (2021 NY Slip Op 07530)





Shultz v Cambridge Dev., L.L.C.


2021 NY Slip Op 07530


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 106632/09 Appeal No. 14915 Case No. 2020-04006 

[*1]Gregory Shultz et al., Plaintiffs-Respondents,
v
Cambridge Development, L.L.C., et al., Defendants-Appellants.


Graubard Miller, New York (Joseph H. Lessem of counsel), for appellants.
Sokolski & Zekaria, P.C., New York (Daphna Zekaria of counsel), for respondents.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered September 29, 2020, which denied defendants' motion for summary judgment dismissing the amended complaint except to the extent it alleged that they operated an unlicensed adult care facility after August 1, 2017, unanimously modified, on the law, to grant the motion as to the class action allegations, and otherwise affirmed, without costs.
The motion court properly granted defendants' motion for summary judgment dismissing the allegation in the complaint that defendants operated an unlicensed adult care facility after August 1, 2017. Defendants established, through documentary evidence, that they had the proper licenses for operating an adult care facility as of August 1, 2017. However, the evidence as to licensure before August 1, 2017 is either not conclusive or not properly considered because it was submitted on reply. It does not matter whether there is a private right of action for the operation of an unlicensed adult care facility because plaintiffs do not assert such a cause of action. Rather, they merely allege that the facility is unlicensed in support of their breach of warranty of habitability, nuisance, and harassment claims.
Defendants failed to establish prima facie that the warranty of habitability, nuisance and harassment claims should be dismissed. At least some of plaintiffs' allegations are sufficiently serious to potentially warrant liability on these claims (see Real Property Law § 235-b; Administrative Code of City of NY § 27-2004[a][48][b]; Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 328 [1979], cert denied 444 US 992 [1979]; Solow Mgt. Corp. v Tanger, 1 AD3d 165, 166 [1st Dept 2003]; Ewen v Maccherone, 32 Misc 3d 12, 14 [App Term, 1st Dept 2011]). In support of their motion, defendants relied entirely on an affidavit by a representative, but it is not clear whether the representative had personal knowledge of the conditions at the building. To the extent the affiant relied on "unnamed and unsworn employees or unidentified and unproduced work records, the affidavit lacks any probative value" (Residential Credit Solutions, Inc. v Gould, 171 AD3d 638, 641 [1st Dept 2019]). In any event, defendants' representative did not address plaintiffs' complaints of overcrowding resulting in elevator delays or rule out the possibility of a vermin infestation — issues that were discussed in even the limited testimony by plaintiffs that defendants submitted. The affiant also implicitly admitted that there were water shutoffs, although he blamed them on plaintiffs' own conduct. Given the insufficiency of defendants' moving papers, the denial of summary judgment is required notwithstanding the insufficiency of plaintiffs' opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The class action allegations should have been dismissed on the ground that plaintiffs failed to timely move for class certification. Pursuant to CPLR 902, a motion for class [*2]certification must be made within 60 days after the time to serve a responsive pleading has expired. Although the parties may stipulate to extend the plaintiffs' time to move for class certification and the court may order such an extension, in the absence of an extension, the "deadline set forth is mandatory" (Shah v Wilco Sys., Inc., 27 AD3d 169, 173 [1st Dept 2005], lv denied in part and dismissed in part 7 NY3d 859 [2006]). This action was commenced 11 years ago, yet it is undisputed that plaintiffs have never moved for class certification or for an extension of time to move for class certification. Therefore, plaintiffs' class action claims must be dismissed.
There is no basis for plaintiffs' assertion that their time to move for class certification was automatically stayed due to the parties' ongoing pre-certification discovery. Rather, plaintiffs were required to make a motion to extend their time to move for class certification while discovery was ongoing (see Cruz v Town Sports Intl., 2013 NY Slip Op 30233[U], *4 [Sup Ct, NY County], affd, 116 AD3d 539 [1st Dept 2014] [the plaintiffs were required to bring a motion to extend the time within which to bring the class certification motion when the discovery obtained was inadequate]; Meraner v Albany Med. Ctr., 211 AD2d 867, 868 [3d Dept 1995], lv dismissed 85 NY2d 968 [1995] ["if plaintiffs believed that defendants' [discovery] responses did not provide them with sufficient information to support a motion for class certification, their remedy was to move for an extension of time"]; Matter of Knapp v Michaux, 55 AD2d 1025, 1026 [4th
Dept 1977] [the plaintiffs' time to move for class certification was stayed because they moved for such relief while pre-certification discovery was ongoing]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021