Acevedo v Akhtar (2022 NY Slip Op 02859)

Acevedo v Akhtar

2022 NY Slip Op 02859

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. 33324/19E Appeal No. 15808 Case No. 2021-00056 

[*1]Mario Acevedo et al., Plaintiffs-Respondents,
v
Parvex Akhtar et al., Defendants-Appellants.

Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for appellants.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for respondents.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered October 15, 2020, which granted plaintiffs' motion for summary judgment on the issue of liability, unanimously affirmed, without costs.
In opposition to plaintiffs' prima facie showing of entitlement to summary judgment, defendant failed to offer a non-negligent explanation for the rear-end collision (see Matos v Sanchez, 147 AD3d 585, 586 [1st Dept 2017]). Even accepting as true defendant driver's affidavit that plaintiffs stopped abruptly upon approaching a yellow light, still "does not explain why defendant driver failed to keep a safe distance between himself and the vehicle ahead of him" (Rodriguez v New York Cross, 200 AD3d 624 [1st Dept 2021]; see also Smyth v Murphy, 177 AD3d 492 [1st Dept 2019]; Malone v Morillo, 6 AD3d 324, 325 [2004]).
Defendants' remaining contentions are unpreserved and, in any event, unavailing. The motion was not premature, as both drivers submitted affidavits setting forth their detailed accounts of what had occurred, and defendants have not demonstrated what further facts a former employee could offer that would be "essential to justify opposition" to plaintiffs' motion (CPLR 3212[f]); Rodriguez, 200 AD3d 624; Jeffrey v DeJesus, 116 AD3d 574, 575 [1st Dept 2014]). The emergency doctrine is inapplicable to this rear-end collision (see Vanderhall v MTA Bus Co., 160 AD3d 542, 542-543 [1st Dept 2018]; Johnson v Phillips, 261 AD2d 269, 271 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022