Martinez v ITF LLC (2023 NY Slip Op 02385)

Martinez v ITF LLC

2023 NY Slip Op 02385

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Index No. 20977/18E 25135/18E Appeal No. 185-186-187 Case No. 2022-01483 2022-01494 2022-05075 

[*1]Alwin Martinez, Plaintiff-Respondent,
v
ITF LLC, et al., Defendants, Yesenia Camacho, Defendant-Respondent, J.B. Hunt Transport, Inc., Defendant-Appellant.
Yesenia Camacho, Plaintiff-Respondent,
v
ITF LLC, et al., Defendants, J.B. Hunt Transport, Inc., Defendant-Appellant, Alwin Martinez, Defendant-Respondent.

Coffey Modica O'Meara Capowski LLP, White Plains (John F. Watkins of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Alwin Martinez, respondent.
Avanzino & Moreno, P.C., Brooklyn (Stuart Long of counsel), for Yesenia Camacho, respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about March 28, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motions for summary judgment on liability and dismissed defendant J.B. Hunt Transport Inc.'s affirmative defense alleging comparative negligence by plaintiff Alwin Martinez, unanimously affirmed, without costs. Order, same court and Justice, entered on or about November 2, 2022, which denied J.B. Hunt's motion to renew, unanimously affirmed, without costs.
Plaintiffs were injured in an incident in which Martinez's vehicle became disabled on the highway and plaintiff Yesenia Camacho drove to the scene to help him. Camacho testified that although she first parked behind Martinez on the shoulder, she eventually moved her vehicle so that it extended partially into the right-hand lane of the highway so that she could help jump start Martinez's vehicle. While plaintiffs were waiting for Martinez' vehicle to charge, a tractor-trailer driven by defendant Furdat Yuldashev crashed into the back of Camacho's vehicle, injuring both plaintiffs. Defendant J.B. Hunt Transport, Inc. was the lessee of the trailer.
Plaintiffs established entitlement to summary judgment on liability, as a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle (Reyes v Gropper, 212 AD3d 565, 565 [1st Dept 2023]). In opposition, defendants failed to provide an adequate nonnegligent explanation for the accident, as no party disputes that Yuldashev's tractor-trailer rear-ended Camacho's stopped vehicle (see id.).
Furthermore, the emergency doctrine is inapplicable, since Yuldashev himself created the emergency (see Vanderhall v MTA Bus Co., 160 AD3d 542, 542-543 [1st Dept 2018]; Johnson v Phillips, 261 AD2d 269, 271 [1st Dept 1999]). As the evidence in the record makes clear, just before the collision, Yuldashev was driving over the speed limit while talking on his cellphone. In addition, the dash cam video showed he had an unobstructed view of the roadway with no other traffic in the area and saw Camacho's vehicle for at least 10 seconds before the impact, yet he made no attempt to stop, move to the left, or blow his horn (see Fernandez v Ortiz, 183 AD3d 443, 444 [1st Dept 2020]; Acevedo v Akhtar, 204 AD3d 596, 597 [1st Dept 2002]).
Supreme Court correctly dismissed J.B. Hunt's affirmative defense with respect to Martinez's comparative negligence, since the evidence shows that he parked his disabled vehicle completely on the right shoulder of the roadway, outside the flow of traffic. Furthermore, we reject J.B. Hunt's argument that Martinez's call to Camacho for assistance constituted an intervening act that broke the chain of causation. Although the record shows that Camacho parked her vehicle partially in the rightmost lane of the highway, that Camacho may share some responsibility for plaintiffs' injuries does not absolve J.B. Hunt [*2]from liability, as there may be more than one proximate cause of an injury (see Hain v Jamison, 28 NY3d 524, 530 [2016]).
Finally, Supreme Court properly denied J.B. Hunt's motion to renew. The new evidence offered on the motion would not have changed the court's determination even had it been offered on the original motion. At most, the new evidence was relevant to the credibility of plaintiff's expert, which is a collateral issue (see Crooms v Sauer Bros. Inc.,
48 AD3d 380, 381-382 [1st Dept 2008]).
We have considered J.B. Hunt's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023