Ortega v Skyworx Contr. Inc. (2023 NY Slip Op 05693)

Ortega v Skyworx Contr. Inc.

2023 NY Slip Op 05693

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 650826/20 Appeal No. 1009 Case No. 2023-01671 

[*1]Juan Ortega, et al., Plaintiffs-Appellants,
v
Skyworx Contracting Inc., et al., Defendants-Respondents, P&K Contracting Inc., et al., Defendants.

Lee Litigation Group, PLLC, New York (C.K. Lee of counsel), for appellants.
Travis Law PLLC, New York (Joseph A. DeBlase of counsel), for respondents.

Order, Supreme Court, New York County (Lyle Frank, J.), entered September 15, 2022, which denied plaintiffs' motion for class certification and granted defendants' cross-motion to dismiss the class action claims, unanimously affirmed, with costs.
On March 30, 2022, the court granted plaintiffs' motion for leave to file a second amended complaint, but at the same time denied plaintiffs' motion for class certification without prejudice, based on an implicit finding that the class certification was untimely under CPLR 902, which required plaintiffs to have filed that motion "within sixty days after the time to serve a responsive pleading has expired for all persons named as defendants." As the then operative complaint was the amended class action complaint served on all defendants by February 13, 2020, plaintiffs were required to move for class certification on or before May 13, 2020, within 60 days of the March 14, 2020 deadline by which the latest served defendants' pleadings responsive to the amended complaint were due.
It is undisputed that plaintiffs did not comply with that filing deadline. Nor did the parties, prior to the deadline, stipulate to an extension; and plaintiffs did not seek and obtain an extension from the court. This failure to comply with the mandatory deadline or obtain an extension required dismissal with prejudice of the class action claims (see Shah v Wilco Sys., Inc., 27 AD3d 169, 173-174 [1st Dept 2005], lv denied 7 NY3d 859 [2006]; see also Shultz v Cambridge Dev., L.L.C., 200 AD3d 624, 626 [1st Dept 2021]), unless the court, in its discretion, were to deem plaintiffs' late-filed class certification motion timely upon a showing of good cause (see FaÇade Tech., LLC v CNY Constr. 701 LLC, 200 AD3d 607 [1st Dept 2021]; Gerard v Clermont York Assoc. LLC, 143 AD3d 478 [1st Dept 2016]; Cruz v Town Sports Intl., 116 AD3d 539 [1st Dept 2014]).
The court denied the class certification motion without prejudice, allowing plaintiffs another opportunity to show "good cause." However, when plaintiffs renewed their motion, they disclaimed any need to make a showing of good cause and instead argued that the court's grant of leave to amend had automatically reset the deadline for filing the class certification motion, and thus, that their renewed or second motion was timely filed.
Plaintiffs' argument is unavailing under the case law and we find no compelling basis for adopting plaintiffs' interpretation that the grant of each amended complaint automatically resets the CPLR 902 filing deadline. As the motion court noted, plaintiffs' reset theory would eviscerate the procedures this Court has adopted for assessing timeliness under the CPLR.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023