| **Hargraves v City of New York** |
|:---:|
| 2024 NY Slip Op 33037(U) |
| August 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152439/2022 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. J. MACHELLE SWEETING** | **PART** | **62** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

KAMAU WILLIAM HARGRAVES, DEJA A. WHITE,

                      Plaintiffs,

                   - v -

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF SANITATION, JOHN HERNANDEZ,

                      Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 152439/2022 |
| **MOTION DATE** | 02/02/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66

were read on this motion to/for                 JUDGMENT - SUMMARY         .

In the underlying action, plaintiffs allege that on October 20, 2021, at approximately 10:40 a.m., plaintiff and KAMAU WILLIAM HARGRAVES (hereinafter referred to as "Hargraves") was stopped at the red light on West 125th Street at its intersection with Amsterdam Avenue, New York, New York, when his vehicle was struck from behind by a tow truck bearing New York State license plate number AY1303 and operated by defendants. Plaintiff DEJA A. WHITE (hereinafter referred to as "White") was the front seat passenger in plaintiff Hargraves's vehicle.

Pending now before the court is a motion where plaintiffs seek an order: (i) pursuant to Civil Practice Law and Rules ("CPLR") 3212, granting plaintiffs summary judgment as against defendants THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF SANITATION and JOHN HERNANDEZ (collectively, the "City") on the issues of liability on the grounds that there are no triable issues of fact and that, as a matter of law, plaintiffs are entitled to judgment on

liability against said defendants and setting this matter down for an assessment of damages pursuant to CPLR 3212(c); and (ii) finding that plaintiffs are free from comparative negligence.

Standard for Summary Judgment

The function of the court when presented with a motion for summary judgment is one of issue finding, not issue determination (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]; Weiner v. Ga-Ro Die Cutting, Inc., 104 A.D.2d331 [Sup. Ct. App. Div. 1st Dept. 1985]).  The proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law (Alvarez v. Prospect Hospital, 68 N.Y.2d 320 [NY Ct. of Appeals 1986]; Winegrad v. New York University Medical Center, 64 N.Y.2d 851 [NY Ct. of Appeals 1985]). Summary judgment is a drastic remedy that deprives a litigant of his or her day in court.  Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted and the papers will be scrutinized carefully in a light most favorable to the non-moving party (Assaf v. Ropog Cab Corp., 153 A.D.2d 520 [Sup. Ct. App. Div. 1st Dept. 1989]).  Summary judgment will only be granted if there are no material, triable issues of fact (Sillman v. Twentieth Century-Fox Film Corp., 3 N.Y.2d 395 [NY Ct. of Appeals 1957]).

The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact, and failure to make such *prima facie* showing requires a denial of the motion, regardless of the sufficiency of the opposing papers.  Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to

**152439/2022   HARGRAVES, KAMAU WILLIAM ET AL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  004**

**Page 2 of 7**

produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Alvarez v Prospect Hosp., 68 NY2d 320 [N.Y. Ct. of Appeals 1986]).

Further, pursuant to the New York Court of Appeals, "We have repeatedly held that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557 [N.Y. Ct. of Appeals 1980]).

Arguments Made by the Parties

Plaintiffs argue that at the subject intersection, they slowly brought the vehicle to a complete stop at a red light and waited. After being stopped for approximately five seconds, both plaintiffs felt a heavy impact from behind, then looked back and saw that they had been hit in the rear by a white tow truck that caused plaintiffs' vehicle to move forward. Plaintiffs argue that because their vehicle was stopped at a red light when they were struck in the rear, they have established a *prima facie* case of negligence against the City and, as such, are entitled to summary judgment.

In support of these arguments, plaintiffs submitted, *inter alia*, a copy of the Police Accident Report (NYSCEF Doc. No. 53), a sworn Affidavit by Hargraves (NYSCEF Doc. No. 46) and a sworn Affidavit by White (NYSCEF Doc. No. 47). Hargraves and Whites' Affidavits are largely similar to each other. Hargraves' Affidavit states, in part:

**152439/2022   HARGRAVES, KAMAU WILLIAM ET AL vs. THE CITY OF NEW YORK ET AL**          **Page 3 of 7**
   **Motion No.  004**

3 of 7

[* 3]

4. I was driving on West 1255 Street between Morningside Avenue and Amsterdam Avenue in the left lane of the two westbound lanes of traffic when I saw the light at Amsterdam Avenue turn red. I slowly brought the vehicle to a stop at the light and waited. I was the first vehicle stopped at the intersection in the left lane of traffic (immediately to the right of the left-hand turn lane at the intersection). I was stopped for approximately five (5) seconds when I felt a large crash in the rear of my vehicle pushing my vehicle forward.

5. Thereafter, I looked back and saw that my vehicle had been hit in the rear by a white tow truck that was towing another vehicle. The tow truck was being operated by Defendant. The police came to the scene and a report was made.

The Police Accident Report reads, in part:

AT TPO VEHICLE 2 STATES VEHICLE 1 STOPPED SHORT AT THE RED LIGHT AND REAR ENDED VEHICLE 1. VEHICLE 2 HAS NO DAMAGE, VEHICLE 2 IS A SANITATION TOW TRUCK . DRIVER OF VEHICLE 1 COMPLAINS OF BACK PAIN AND PASSENGER COMPLAINS OF NECK PAIN. DRIVER OF VEHICLE 2 HAS NO INJURIES AND NO DAMAGE. DRIVER AND PASSENGER TAKEN TO ST LUKES HOSPITAL.

In opposition, the City argues that there are questions of fact that preclude the granting of summary judgment. Specifically, the City argues that when the City driver was deposed (transcript at NYSCEF Doc. No. 52), he testified that plaintiff's vehicle made a sudden stop not at a *red* light, as plaintiffs aver, but at a *yellow* light. Further, the City driver testified that he only "tapped the bumper" of plaintiff's vehicle; that the impact was "not hard at all"; and that the sound of the impact was "very light." Accordingly, the City argues, the City has proffered a non-negligent explanation for their role in the accident because plaintiff, as the driver of the lead vehicle, had a duty to keep proper control of that vehicle, and to not make sudden stops.

The City also argues that plaintiffs' papers do not reveal whether plaintiffs where wearing seatbelts at the time of the incident, and that there exist numerous other triable issues of fact, including whether plaintiff driver's attention was directed towards his cellphone rather than vehicular traffic conditions on the road. Finally, the City argues, the issue of whether plaintiffs were negligent, and to what degree, remains a question for a jury.

**152439/2022   HARGRAVES, KAMAU WILLIAM ET AL vs. THE CITY OF NEW YORK ET AL**
**Motion No. 004**

**Page 4 of 7**

4 of 7

Conclusions of Law

It is a well-established principle that a rear-end collision is sufficient to create a *prima facie* case of liability and imposes a duty of explanation with respect to the operator of the offending vehicle. *See e.g.* Rodriguez v. Sharma, 178 A.D.3d 508 (Sup. Ct. App. Div. 1st Dept. 2019) (holding that a rear-end collision with a stopped vehicle creates a *prima facie* case of negligence on the part of the operator of the moving vehicle unless the operator presents evidence sufficient to rebut the inference of negligence).

Here, the City argues that plaintiffs made a sudden stop at a yellow light, and that this constitutes a non-negligent explanation for the City's role in the accident. The court finds this argument to be unavailing. As the First Department has consistently held that in a rear-end collision, a "sudden stop" by a vehicle in front is insufficient to rebut the presumption of liability of the vehicle in the rear. *See e.g.* Agramonte v. City of New York, 288 A.D.2d 75 (Sup. Ct. App. Div. 1st Dept. 2001) (finding that plaintiff's sudden stop was insufficient to rebut the presumption of negligence since defendants failed to offer a non-negligent explanation for the happening of the accident); Morales v. Consol. Bus Transit, Inc., 167 A.D.3d 457 (Sup. Ct. App. Div. 1st Dept. 2018) (concluding that the driver's excuse for rear-ending a bus, namely, that the bus made a sudden stop, mid-block, is insufficient to rebut the presumption of negligence); Morgan v. Browner, 138 A.D.3d 560 (Sup. Ct. App. Div. 1st Dept. 2016) (claiming that the lead vehicle made a sudden stop, standing alone, is insufficient to rebut the presumption of negligence on the part of the rear driver); Johnson v. Phillips, 261 A.D.2d 269 (Sup. Ct. App. Div. 1st Dept. 1999) (upholding the principle that drivers must maintain safe distances between their cars and cars in front of them and that drivers have a "duty to see what should be seen and to exercise reasonable care under the circumstances to avoid an accident . . . even if the sudden stop is repetitive; when the front vehicle,

**152439/2022 HARGRAVES, KAMAU WILLIAM ET AL vs. THE CITY OF NEW YORK ET AL** **Page 5 of 7**
**Motion No. 004**

[* 5]

5 of 7

although in stop-and-go traffic, stopped while crossing an intersection; … and when the front car stopped after having changed lanes"); <u>Malone v Morillo</u>, 6 AD3d 324 (1st Dept 2004) ("Regardless of whether defendants were already stopped at the red light, or stopped suddenly in the middle of the intersection while the light was yellow, we find no non-negligent explanation by plaintiff for striking defendants' vehicle in the rear under the present circumstances. In the instant matter, plaintiff's failure to observe traffic conditions and to maintain a safe stopping distance, particularly on a rainy night, was the sole proximate cause of the subject collision").

Further, the First Department has also held that the lead vehicle making a sudden stop at a yellow light does not absolve the second vehicle from liability for a rear-end collision. *See, e.g.* (for all the cases below, internal citations were omitted and emphasis was added):

<u>Smyth v Murphy</u>, 177 AD3d 492 (1st Dept 2019):

[…] the motion to set aside the verdict granted […] There is no valid line of reasoning and permissible inferences that could possibly support the jury's verdict based on the evidence presented at trial. Defendant Tracy Murphy acknowledged that plaintiff's vehicle was stopped when she struck plaintiff's vehicle in the rear. *Murphy's claim that plaintiff had stopped at a yellow light does not constitute a nonnegligent explanation for the accident*;

<u>Acevedo v Akhtar</u>, 204 AD3d 596 (1st Dept 2022):

In opposition to plaintiffs' prima facie showing of entitlement to summary judgment, defendant failed to offer a non-negligent explanation for the rear-end collision. *Even accepting as true defendant driver's affidavit that plaintiffs stopped abruptly upon approaching a yellow light, still does not explain why defendant driver failed to keep a safe distance between himself and the vehicle ahead of him.* Defendants' remaining contentions are […] unavailing. The motion was not premature, as both drivers submitted affidavits setting forth their detailed accounts of what had occurred, and defendants have not demonstrated what further facts a former employee could offer that would be essential to justify opposition to plaintiffs' motion;

**152439/2022   HARGRAVES, KAMAU WILLIAM ET AL vs. THE CITY OF NEW YORK ET AL**          **Page 6 of 7**
**Motion No.  004**

[* 6]                                                                  6 of 7

and <u>Rodriguez v New York Cross</u>, 200 AD3d 624 (1st Dept 2021):

> Plaintiff established prima facie his entitlement to summary judgment by submitting an affidavit that he was stopped at a red light when defendants' vehicle struck the rear of his vehicle. In opposition, defendants failed to provide a nonnegligent explanation for the accident; *defendant driver's affidavit that plaintiff's vehicle stopped suddenly upon approaching a yellow light does not explain why defendant driver failed to keep a safe distance between himself and the vehicle ahead of him.*

Finally, with respect to the branch of plaintiffs' motion seeking a finding that plaintiffs are free from comparative negligence, the City argues that there are numerous other triable issues of fact, including the severity of the impact; whether plaintiffs where wearing seatbelts at the time of the incident, and whether plaintiff driver's attention was directed towards his cellphone rather than vehicular traffic conditions on the road. The court finds this argument to be unavailing, as it is undisputed on this record that the depositions of both plaintiffs have already been taken, and the City has not cited any evidence on the record to support their arguments that plaintiffs were contributorily negligent.

Conclusion

For the reasons stated above, it is hereby:

**ORDERED** that plaintiffs' motion is **GRANTED** in its entirety.

| __8/28/2024__ | | | | | __J. MACHELLE SWEETING, J.S.C.__ | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |
| **CHECK ONE:** | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |