| |
|---|
| **Dickey v Mittman** |
| 2024 NY Slip Op 33388(U) |
| September 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150571/2023 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JAMES G. CLYNES**       PART        22M

*Justice*

-------------------------------------------------------------------X

CHAD DICKEY                                    INDEX NO.       150571/2023

                Plaintiff,                     MOTION DATE       N/A

              - v -                             MOTION SEQ. NO.       001

LAWRENCE MITTMAN,

                                       **DECISION + ORDER ON**
                                              **MOTION**

              Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)    .

Upon the foregoing documents, the motion by Plaintiff for summary judgement pursuant to CPLR 3212 on the issue of liability and to dismiss Defendant's affirmative defense of comparative fault (First Affirmative Defense) is decided as follows:

Plaintiff seeks to recover for injuries allegedly sustained as a result of a November 17, 2021 motor vehicle accident between a vehicle operated by Plaintiff and a vehicle owned and operated by Defendant inside the Lincoln Tunnel.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Once such entitlement has been demonstrated by the moving party, the burden shifts to the party opposing the motion to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure...to do [so]" (*Zuckerman v New York*, 49 NY2d 557, 560 [1980]).

150571/2023   DICKEY, CHAD vs. MITTMAN, LAWRENCE
Motion No. 001                                                   Page 1 of 4

1 of 4

In support of the motion, Plaintiff submits his affidavit and an uncertified police report. The Court however notes that the uncertified police report submitted by Plaintiff is inadmissible (*Coleman v Maclas*, 61 AD3d 569 [1st Dept 2009]). Although the report is signed at the bottom by the reporting police officer, it is not certified as a business record, and Plaintiff does not submit an affidavit or other sworn evidence from someone with personal knowledge establishing the police report's authenticity or accuracy (*Fay v Vargas*, 67 AD3d 568 [1st Dept 2009]).

Plaintiff avers that he was heading westbound in the right lane of the Lincoln Tunnel and came to a complete stop. Plaintiff's vehicle was at a complete stop for three to five seconds when without warning, Defendant's vehicle made impact from the rear without warning. Plaintiff avers that the impact pushed his vehicle approximately five feet into the car in front of him which left the scene before police could arrive. Plaintiff further avers that he did not remove his foot from the brake during the time his vehicle was stopped, even when impacted in the rear.

A rear-end collision establishes a prima facie case of negligence on the part of the driver of the rear vehicle and imposes a duty upon him or her to explain how the accident occurred (*Reyes v Gropper*, 212 AD3d 565 [1st Dept 2023]).

In opposition, Defendant relies on his affidavit, in which he avers that he was traveling inside the North Tunnel of the Lincoln Tunnel and was at a complete stop for fifteen minutes due to traffic. Defendant avers that during this time, he maintained a proper distance between his vehicle and Plaintiff's vehicle directly in front of his. When traffic opened, Defendant avers that the vehicles in the tunnel began to accelerate very quickly, and that Plaintiff's vehicle went from a dead stop to the approximate speed of fifty to sixty miles per hour. Defendant then began to move forward, observing the speed limit and maintaining a proper distance with Plaintiff's vehicle. Defendant avers that Plaintiff suddenly and unexpectedly rear-ended the vehicle ahead of Plaintiff

150571/2023   DICKEY, CHAD vs. MITTMAN, LAWRENCE
Motion No. 001

Page 2 of 4

2 of 4

[* 2]

and that Plaintiff slammed on his brakes as a result of the impact. Defendant further avers that he applied his brakes as soon as Plaintiff's brake lights turned on, but he was unable to avoid impact with the rear of Plaintiff's vehicle.

Defendant contends that the police report submitted by Plaintiff in support of the motion is uncertified and prepared by a police officer who did not witness the accident. Defendant contends that Plaintiff's motion is premature. Defendant further contends that he faced an emergency situation due to Plaintiff's first collision with the vehicle ahead of Plaintiff and that Defendant was unable to avoid the collision and therefore, the emergency doctrine applies.

In reply, Plaintiff contends that it is uncontroverted that Plaintiff's vehicle was at a complete stop before being impacted in the rear by Defendant and that Defendant does not offer a non-negligent explanation for the rear-ending. Plaintiff further contends that the emergency doctrine is typically inapplicable to routine rear-end accidents. The First Department has consistently held an allegation that a lead vehicle suddenly stopping is insufficient to rebut the presumption of negligence on the part of the rear-ending vehicle (*see Baez-Pena v MM Truck & Body Repair, Inc.*, 151 AD3d 473, 476 [1st Dept 2017]).

Defendant's opposition fails to raise an issue of fact sufficient to preclude summary judgment on liability in favor of Plaintiff and against Defendant. Here, Defendant failed to maintain a reasonably safe distance from Plaintiff's vehicle. Drivers are charged with a responsibility to maintain a safe distance between vehicles and to be prepared for such vehicle stoppages (VTL 1129). Thus, even accepting as true Defendant's testimony that Plaintiff's vehicle stopped when it hit the vehicle in front of it, Defendant does not explain why he failed to keep a safe distance between himself and the vehicle ahead of him (*Acevedo v Akhtar*, 204 AD3d 596 [1st Dept 2022]).

150571/2023  DICKEY, CHAD vs. MITTMAN, LAWRENCE
Motion No. 001

Page 3 of 4

The Court of Appeals has held that a plaintiff may be entitled to partial summary judgment on the issue of a defendant's liability even if a defendant raises an issue of fact regarding a plaintiff's comparative negligence (*Carlos Rodriguez, Appellant, v City of NY, Respondent.*, 31 NY3d 312 [2018]). The issue of a plaintiff's comparative negligence is addressed and determined when considering the damages that a defendant owes to a plaintiff (*Id.* at 3). To be entitled to summary judgment on the issue of liability, a plaintiff is not required to demonstrate the absence of fault on her part *(Rodriguez v City of New York*, 31 NY3d 312 [2018]). Nor is she required to establish that defendant's conduct was the sole proximate cause of the accident. (*Simmons v Bergh*, 192 AD3d 547 [1st Dept 2021]).

In this case, Defendant has raised an issue of fact as to whether his conduct was the sole cause of the accident. Therefore, the branch of Plaintiff's motion to dismiss Defendant's First Affirmative Defense is denied. Accordingly, it is

**ORDERED** that the motion by Plaintiff for summary judgement on the issue of liability is granted; and it is further

**ORDERED** that the branch of Plaintiff's motion to dismiss Defendant's First Affirmative Defense of comparative fault is denied; and it is further

**ORDERED** that within 30 days of entry, Plaintiff shall serve a copy of this Decision and Order upon Defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

| | | |
|---|---|---|
| 9/26/2024 | | |
| **DATE** | | **JAMES G. CLYNES, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150571/2023  DICKEY, CHAD vs. MITTMAN, LAWRENCE
Motion No. 001

Page 4 of 4

[* 4]